2015 ND 71

**In the Interest of Jeremy Tim JOHNSON.**

**Christene A. Reierson, Assistant State's Attorney, Petitioner and Appellee**

v.

**Jeremy Tim Johnson, Respondent and Appellant.**

**No. 20140366.**

Supreme Court of North Dakota.

March 24, 2015.

Christene A. Reierson, Assistant State's Attorney, Minot, ND, petitioner and appellee.

Tyler J. Morrow, Grand Forks, ND, for respondent and appellant.

KAPSNER, Justice.

[¶ 1]   Jeremy Johnson appeals from a district court order denying his petition for discharge from civil commitment as a sexually dangerous individual.   We conclude the district court did not make sufficient findings of fact, and we reverse and remand for further findings.

I

[¶ 2]   Johnson was committed as a sexually dangerous individual in 2012, and his commitment was affirmed by this Court in *Interest of Johnson,* 2013 ND 146, 835 N.W.2d 806.   In August 2013, Johnson petitioned the district court for discharge. At the discharge hearing, Dr. Robert Lisota testified for the State contending that Johnson remains a sexually dangerous individual subject to continued civil commitment.   Johnson's experts, Dr. Stacey Benson and Dr. Troy Ertelt, testified at the discharge hearing asserting Johnson no

longer meets the criteria for civil commitment. After the hearing, the district court found the State had proven, by clear and convincing evidence, that Johnson remains a sexually dangerous individual subject to continued civil commitment.

## II

[¶ 3] On appeal, Johnson argues the district court erred in determining there was clear and convincing evidence that he remains a sexually dangerous individual.

[¶ 4] A "modified clearly erroneous" standard of review is employed by this Court when reviewing the civil commitment of sexually dangerous individuals under N.D.C.C. ch. 25–03.3. *Matter of J.T.N.*, 2011 ND 231, ¶ 6, 807 N.W.2d 570.

We will affirm a trial court's order denying a petition for discharge unless it is induced by an erroneous view of the law or we are firmly convinced it is not supported by clear and convincing evidence. In reviewing the trial court's order, we give great deference to the court's credibility determinations of expert witnesses and the weight to be given their testimony. The trial court is the best credibility evaluator in cases of conflicting testimony and we will not second-guess the court's credibility determinations.

*Matter of Wolff*, 2011 ND 76, ¶ 5, 796 N.W.2d 644 (internal citations and quotations omitted).

[¶ 5] At a discharge hearing, the state has the burden of proving by clear and convincing evidence that the committed individual remains a sexually dangerous individual. N.D.C.C. § 25–03.3–18(4). To prove a committed individual remains a sexually dangerous individual, the State must show three statutory elements: (1) the individual has engaged in sexually predatory conduct, (2) the individual has a congenital or acquired condition that is manifested by a sexual disorder, a personality disorder, or other mental disorder or dysfunction, and (3) the individual's condition makes them likely to engage in further acts of sexually predatory conduct which constitute a danger to the physical or mental health or safety of others. *Interest of Corman*, 2014 ND 88, ¶ 8, 845 N.W.2d 335; *see also* N.D.C.C. § 25–03.3–01(8). In addition, substantive due process requires proof that the individual has serious difficulty controlling his behavior. *Matter of J.G.*, 2013 ND 26, ¶ 9, 827 N.W.2d 341. This Court has also construed the definition of a sexually dangerous individual to "require a nexus between the disorder and dangerousness, which distinguishes such an individual from other dangerous persons." *Id.* (citation omitted).

[¶ 6] Johnson argues the district court erred in determining there was clear and convincing evidence that he remains a sexually dangerous individual.

[¶ 7] The United States Supreme Court explained, in *Kansas v. Crane*, 534 U.S. 407, 413, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002), that the civil commitment of a sexually dangerous individual cannot be sustained without determining that the individual has a serious difficulty controlling his or her behavior. *Matter of Midgett*, 2009 ND 106, ¶ 6, 766 N.W.2d 717. Here, the district court determined Johnson engaged in sexually predatory conduct as evidenced by his prior convictions, suffers from antisocial personality disorder, and presents a high risk for re-offending. However, the district court did not make any specific findings on whether Johnson has serious difficulty controlling his behavior.

[¶ 8] Under N.D.R.Civ.P. 52(a)(1), the district court "must find the

facts specially and state its conclusions of law separately."

Conclusory, general findings do not comply with N.D.R.Civ.P. 52(a), and a finding of fact that merely states a party has failed in [or has sustained] its burden of proof is inadequate under the rule. The court must specifically state the facts upon which its ultimate conclusion is based on. The purpose of the rule is to provide the appellate court with an understanding of the factual issues and the basis of the district court's decision. Because this Court defers to a district court's choice between two permissible views of the evidence and the district court decides issues of credibility, detailed findings are particularly important when there is conflicting or disputed evidence. This Court cannot review a district court's decision when the court does not provide any indication of the evidentiary and theoretical basis for its decision because we are left to speculate what evidence was considered and whether the law was properly applied. The court errs as a matter of law when it does not make the required findings.

*Matter of R.A.S.*, 2008 ND 185, ¶ 8, 756 N.W.2d 771 (internal citations and quotations omitted).

[¶ 9] In order to review a district court's decision and determine whether the findings are clearly erroneous, we must understand the basis for the district court's decision. *Midgett*, 2009 ND 106, ¶ 9, 766 N.W.2d 717. In *Midgett*, the district court did not specifically state the facts on which it relied to determine whether the committed individual had serious difficulty in controlling his behavior, and this Court reversed and remanded for additional findings on whether the individual had serious difficulty controlling his behavior. *Id.* Like in *Midgett*, the district court here did not specifically state the

facts upon which it relied, nor did it make specific findings on whether Johnson has serious difficulty in controlling his behavior. We conclude the district court did not comply with N.D.R.Civ.P. 52(a), and its findings are inadequate to permit appellate review. We therefore reverse and remand for specific findings pertaining to the *Crane* requirement. An analysis of Johnson's past criminal history, alone, is insufficient as the issue is whether Johnson *remains* a sexually dangerous individual. *See Interest of Graham*, 2013 ND 171, ¶ 14, 837 N.W.2d 382 (determination of whether individual has difficulty controlling his behavior focuses on the present or future and inquires as to whether he may change with passage of time and adherence to treatment); *see also Interest of M.D.*, 1999 ND 160, ¶ 28, 598 N.W.2d 799 (burden of proving respondent is a sexually dangerous individual remains with the state and does not shift to the committed individual).

### III

[¶ 10] We conclude the district court did not make sufficient findings of fact, and we reverse the district court's order and remand for specific findings of fact on whether Johnson has serious difficulty controlling his behavior.

[¶ 11] GERALD W. VANDE WALLE, C.J. and LISA FAIR McEVERS, J., concur.

CROTHERS, Justice, dissenting.

[¶ 12] I respectfully dissent. The majority reverses on an issue not argued by Johnson. The appellant did not challenge the sufficiency of the district court's findings. The argument on appeal was that the State failed to meet its burden of proof, as evidenced by the following from Johnson's brief:

"Based on the argument set forth as well as the evidence at hand, it is apparent that the State failed to meet its burden and the district court erred in determining that there was clear and convincing evidence that Johnson remains a sexually dangerous individual. Jeremy Johnson respectfully requests this Court reverse the decision of the district court and grant Jeremy his immediate release."

[¶ 13] While the findings could have been more comprehensive, we should not reverse on an issue not argued by the appellant. *See Berg v. Ullman*, 1998 ND 74, ¶ 41, 576 N.W.2d 218 ("Re-lawyering is not the appropriate role of an appellate court."). Based on the issue raised, I would affirm because the record shows the district court did not clearly err by finding the State proved by clear and convincing evidence that Johnson remains a sexually dangerous individual.

[¶ 14]   DALE V. SANDSTROM, J., concurs.