2017 ND 28

**In the INTEREST OF Danny Robert NELSON**

**Lonnie Olson, State's Attorney, Petitioner and Appellee**

v.

**Danny Robert Nelson, Respondent and Appellant**

No. 20160113

Supreme Court of North Dakota.

Filed 2/16/2017

Lonnie Olson, State's Attorney, 524 Fourth Avenue N.E., Unit 16, Devils Lake ND 58301, petitioner and appellee.

David D. Dusek, P.O. Box 14145, Grand Forks, ND 58208–4145, for respondent and appellant.

Kapsner, Justice.

[¶ 1] Danny Nelson appeals from a district court order civilly committing him as a sexually dangerous individual. We conclude the district court's findings are inadequate to permit appellate review. While retaining jurisdiction under N.D.R.App.P. 35(a)(3), we remand with instructions that, within thirty days from the filing of this opinion, the district court make specific findings of fact on whether Nelson is likely to engage in further acts of sexually predatory conduct and whether Nelson has a present serious difficulty controlling behavior.

I

[¶ 2] In 2009, Nelson was convicted of continuous sexual abuse of a child. The underlying conduct for the conviction consisted of Nelson having repeated sexual contact and intercourse with his stepdaughter between the time she was nine or ten years old until she was roughly fourteen or fifteen years old. After his conviction for continuous sexual abuse of a child, Nelson was sentenced to ten years in prison with three years suspended. While in prison, Nelson completed sex offender programming. Specifically, Nelson completed a low-intensity sex offender program in 2010 and a high-intensity sex offender program in 2014.

[¶ 3] The State petitioned the district court to civilly commit Nelson as a sexually dangerous individual on December 2, 2014. The district court held a preliminary hearing on the State's petition on February 6, 2015. On February 10, 2015, the district court found probable cause to commit and ordered Nelson transported to the State Hospital for evaluation and creation of a report. Nelson was evaluated by both the State's expert, Dr. Krance, and Dr. Riedel, an independent expert. Both doctors submitted reports of their evaluations to the district court. The commitment hearing was continued twice before the district court held the hearing on January

6, 2016. Both experts and Nelson testified at the hearing. Dr. Krance testified she diagnosed Nelson with "Unspecified Paraphilic Disorder, Other Specified Personality Disorder with Antisocial Personality and Narcissistic Traits." Dr. Krance also noted Nelson had "Alcohol Use Disorder." Dr. Krance testified she believed Nelson was a sexually dangerous individual. Dr. Riedel testified he did not believe Nelson was likely to engage in further acts of sexually predatory conduct. Dr. Riedel also testified Nelson has "reasonable control" over his behavior and does not meet the requirement of serious difficulty controlling behavior.

[¶ 4] At the close of the commitment hearing, the district court asked the parties to submit written closing arguments. After both parties submitted their written closing arguments, the district court entered an order on March 8, 2016 finding Nelson was a sexually dangerous individual and ordering Nelson committed to the State Hospital. Nelson filed a notice of appeal on March 28, 2016.

## II

[¶ 5] On appeal, Nelson argues his substantive due process rights have been violated because he was committed after he already completed a sex offender treatment program while incarcerated. Nelson also argues the State failed to prove he is a sexually dangerous individual. Alternatively, Nelson argues the district court failed to specifically state the facts on which it relied to determine Nelson meets the definition of a sexually dangerous individual.

## A

[¶ 6] Nelson contends his right to substantive due process under the Fourteenth Amendment was violated because he was civilly committed despite already completing sex offender treatment programs while incarcerated. We reject Nelson's argument. Civil commitment after completion of treatment programs while incarcerated does not violate Nelson's due process rights as long as the State has proven the statutory and constitutional requirements by clear and convincing evidence. Whether an individual received sex offender treatment while incarcerated is only one factor of many which may be considered in making a determination of whether someone is a sexually dangerous individual. We decline to hold completion of pre-release sex offender treatment programs precludes a judicial determination of sexual dangerousness and the need for civil commitment.

## B

[¶ 7] Nelson argues the State failed to prove by clear and convincing evidence that he is a sexually dangerous individual. Nelson also argues the district court erred because it failed to specifically state the facts supporting its conclusion that Nelson is a sexually dangerous individual. "We review civil commitments of sexually dangerous individuals under a modified clearly erroneous standard of review." Matter of Midgett, 2009 ND 106, ¶ 5, 766 N.W.2d 717. "We will affirm the district court's decision unless the court's order is induced by an erroneous view of the law, or we are firmly convinced the order is not supported by clear and convincing evidence." Matter of A.M., 2010 ND 163, ¶ 14, 787 N.W.2d 752. This Court gives "great deference to the court's credibility determinations of expert witnesses and the weight to be given their testimony." Matter of Wolff, 2011 ND 76, ¶ 5, 796 N.W.2d 644.

[¶ 8] Under Chapter 25–03.3 of the North Dakota Century Code, the State has the burden of proving a person is a sexual-

ly dangerous individual by clear and convincing evidence. A person may not be committed as a "sexually dangerous individual" unless the State proves the following statutory elements provided in N.D.C.C. § 25–03.3–01(8):

> (1) the individual has engaged in sexually predatory conduct, (2) the individual has a congenital or acquired condition that is manifested by a sexual disorder, a personality disorder, or other mental disorder or dysfunction, and (3) the individual's condition makes them likely to engage in further acts of sexually predatory conduct which constitute a danger to the physical or mental health or safety of others.

Interest of Johnson, 2016 ND 29, ¶ 3, 876 N.W.2d 25. This Court has recognized substantive due process requires additional proof beyond the three statutory elements:

> In addition to the three statutory requirements, to satisfy substantive due process, the State must also prove the committed individual has serious difficulty controlling his behavior . . . .

> We construe the definition of a sexually dangerous individual to mean that proof of a nexus between the requisite disorder and dangerousness encompasses proof that the disorder involves serious difficulty in controlling behavior and suffices to distinguish a dangerous sexual offender whose disorder subjects him to civil commitment from the dangerous but typical recidivist in the ordinary criminal case.

Wolff, 2011 ND 76, ¶ 7, 796 N.W.2d 644 (citations omitted). The United States Supreme Court has explained civil commitment requires a connection between the disorder and the individual's inability to control his or her actions:

> "[I]nability to control behavior" will not be demonstrable with mathematical precision. It is enough to say that there must be proof of serious difficulty in controlling behavior. And this, when viewed in light of such features of the case as the nature of the psychiatric diagnosis, and the severity of the mental abnormality itself, must be sufficient to distinguish the dangerous sexual offender whose serious mental illness, abnormality, or disorder subjects him to civil commitment from the dangerous but typical recidivist convicted in an ordinary criminal case.

Kansas v. Crane, 534 U.S. 407, 413, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002). This Court has also held the conduct demonstrating an individual's serious difficulty in controlling behavior need not be sexual in nature. Wolff, 2011 ND 76, ¶ 7, 796 N.W.2d 644.

[¶ 9] The first statutory element, past sexually predatory conduct, is undisputed in this case. The district court found Nelson had engaged in sexually predatory conduct based upon his 2009 conviction for continuous sexual abuse of a child. The district court found Nelson had been diagnosed with "Unspecified Paraphilic Disorder, Substance Abuse Disorder, Other Specified Personality Disorder (Narcissistic and Antisocial Personality Traits)." This finding was supported by Dr. Krance's report and testimony and satisfies the second statutory requirement.

[¶ 10] The district court did not specifically find whether Nelson was likely to engage in further sexually predatory conduct. Under N.D.R.Civ.P. 52(a)(1), in civil actions tried without a jury, the district court is required to "find the facts specially and state its conclusions of law separately." Interest of Thill, 2015 ND 295, ¶ 6, 872 N.W.2d 617.

Conclusory, general findings do not comply with N.D.R.Civ.P. 52(a), and a finding of fact that merely states a party has

failed in [or has sustained] its burden of proof is inadequate under the rule. The court must specifically state the facts upon which its ultimate conclusion is based on. The purpose of the rule is to provide the appellate court with an understanding of the factual issues and the basis of the district court's decision. Because this Court defers to a district court's choice between two permissible views of the evidence and the district court decides issues of credibility, detailed findings are particularly important when there is conflicting or disputed evidence. This Court cannot review a district court's decision when the court does not provide any indication of the evidentiary and theoretical basis for its decision because we are left to speculate what evidence was considered and whether the law was properly applied. The court errs as a matter of law when it does not make the required findings. Id. (quoting In re Johnson, 2015 ND 71, ¶ 8, 861 N.W.2d 484) (internal citations and quotations omitted).

[¶ 11] The expert's reports and testimony conflicted. The State's expert, Dr. Krance, testified Nelson met all the required elements for commitment. Nelson's expert, Dr. Riedel, recommended release. The district court noted it found Dr. Krance's testimony more persuasive and discussed how Nelson's proposed release plan is of little value in determining whether Nelson was at risk to re-offend. The district court concluded Nelson was a sexually dangerous individual as defined by N.D.C.C. § 25–03.3–01(8). The district court's findings on whether Nelson is likely to engage in further sexually predatory conduct are inadequate to enable appellate review.

### C

[¶ 12] The district court also erred by making no finding on whether Nelson has serious difficulty controlling his behavior. In Crane, 534 U.S. 407 at 413, 122 S.Ct. 867, the United States Supreme Court explained the civil commitment of a sexually dangerous individual cannot be sustained without a determination the individual has serious difficulty controlling his or her behavior. Johnson, 2015 ND 71, ¶ 7, 861 N.W.2d 484. "We defer to a district court's determination that an individual has serious difficulty controlling behavior when it is supported by specific findings demonstrating the difficulty." Johnson, 2016 ND 29, ¶ 5, 876 N.W.2d 25. "Conversely, when the district court does not support its determination that an individual has serious difficulty controlling behavior with specific factual findings, we find error." Id. at ¶ 6. This Court found error in Midgett, where "[t]he district court did not specifically state the facts upon which it relied or even make a finding on whether Midgett had serious difficulty in controlling his behavior." 2009 ND 106, ¶ 9, 766 N.W.2d 717. In Johnson, this Court found error when "the district court . . . did not specifically state the facts upon which it relied, nor did it make specific findings on whether Johnson has serious difficulty in controlling his behavior." 2015 ND 71, ¶ 9, 861 N.W.2d 484.

[¶ 13] The district court's order contains no finding whether Nelson has serious difficulty controlling his behavior. The district court described the conduct underlying Nelson's 2009 conviction. The order also stated, "[i]n October, November and December of 1992 Mr. Nelson broke into four separate homes and took a 22 pistol and women's under garments." In Johnson, we stated "analysis of Johnson's past criminal history, alone, is insufficient as the issue is whether Johnson remains a sexually dangerous individual." 2015 ND 71, ¶ 9, 861 N.W.2d 484 (emphasis in origi-

nal). An order of commitment requires a finding of <u>present</u> serious difficulty controlling behavior. <u>See</u> <u>Johnson</u>, 2016 ND 29, ¶ 12, 876 N.W.2d 25 (concluding the district court erred when it ordered continued commitment after making no findings relating to the respondent's present inability to control his behavior). The district court neither made a finding, nor stated facts which support a finding Nelson has serious difficulty controlling his behavior.

## III

[¶ 14] We conclude the district court's findings are inadequate to permit appellate review. We therefore retain jurisdiction under N.D.R.App.P. 35(a)(3), and remand the district court's commitment order with instructions that, within thirty days from the filing of this opinion, the district court make specific findings of fact on whether Nelson is likely to engage in further acts of sexually predatory conduct and whether Nelson has a present serious difficulty controlling behavior.

[¶ 15] Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers

Dale V. Sandstrom, S.J.

Gerald W. VandeWalle, C.J.

[¶ 16] The Honorable Jerod E. Tufte was not a member of the Court when this case was heard and did not participate in this decision. Surrogate Judge Dale V. Sandstrom, sitting.