# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2018 ND 260

In the Matter of Aaron J. Kulink

Leah J. Viste, Assistant State's Attorney,                    Petitioner and Appellee

    v.

Aaron J. Kulink,                    Respondent and Appellant

No. 20180083

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Susan L. Bailey, Judge.

REMANDED WITH INSTRUCTIONS.

Opinion of the Court by Tufte, Justice.

Leah J. Viste, Assistant State's Attorney, Fargo, N.D., petitioner and appellee.

Tyler J. Morrow, Grand Forks, N.D., for respondent and appellant.

# Matter of Kulink

## No. 20180083

**Tufte, Justice.**

[¶1]    Aaron Kulink appeals from an order denying discharge from commitment as a sexually dangerous individual. Kulink argues (1) the district court did not make sufficient findings on the "likely to reoffend" and "serious difficulty controlling behavior" elements and (2) the State did not meet its burden of clear and convincing evidence on the two required elements. We retain jurisdiction under N.D.R.App.P. 35(a)(3) and remand for further proceedings consistent with this opinion.

I

[¶2]    The district court conducted a hearing on Kulink's civil commitment on February 9, 2018. At the hearing, the court heard testimony from Dr. Jennifer Krance and Dr. Gregory Volk.  The court denied Kulink's petition for discharge on February 15, 2018.

II

[¶3]    This Court reviews "civil commitments of sexually dangerous individuals under a modified clearly erroneous standard of review." *Interest of Nelson*, 2017 ND 152, ¶ 3, 896 N.W.2d 923 (quoting *Matter of Midgett*, 2009 ND 106, ¶ 5, 766 N.W.2d 717). We affirm the district court's order unless it is "induced by an erroneous view of the law, or we are firmly convinced the order is not supported by clear and convincing evidence." *Nelson*, at ¶ 3 (quoting *Matter of A.M.*, 2010 ND 163, ¶ 14, 787 N.W.2d 752). When reviewing the district court's order, this Court gives "great deference to the court's credibility determinations of expert witnesses and the weight to be given their testimony." *In re Johnson*, 2016 ND 29, ¶ 3, 876 N.W.2d 25. To be committed as a sexually dangerous individual, a person must meet the three elements in N.D.C.C. § 25-03.3-01(8):

(1)  the individual has engaged in sexually predatory conduct,

> (2) the individual has a congenital or acquired condition that is manifested by a sexual disorder, a personality disorder, or other mental disorder or dysfunction, and
>
> (3) the individual's condition makes them likely to engage in further acts of sexually predatory conduct which constitute a danger to the physical or mental health or safety of others.

*Nelson*, at ¶ 4.

[¶4] "In addition to the three statutory requirements, to satisfy substantive due process, the State must also prove the committed individual has serious difficulty controlling his behavior." *Id.* In *Kansas v. Crane*, the Supreme Court explained that "we did not give to the phrase 'lack of control' a particularly narrow or technical meaning. And we recognize that in cases where lack of control is at issue, 'inability to control behavior' will not be demonstrable with mathematical precision." 534 U.S. 407, 412-413 (2002). Although not mathematical, the "inability to control behavior . . . must be sufficient to distinguish the dangerous sexual offender whose serious mental illness, abnormality, or disorder subjects him to civil commitment from the dangerous but typical recidivist convicted in an ordinary criminal case." *Id.* at 413. Thus, a "connection between the disorder and the individual's inability to control" his actions must be found. *Nelson*, 2017 ND 152, ¶ 4, 896 N.W.2d 923.

[¶5] Our statute incorporates the *Crane* requirement in its definition of sexually dangerous individual, which we interpret to require "proof of a nexus between the requisite disorder and dangerousness [to] encompass[] proof that the disorder involves serious difficulty in controlling behavior and suffices to distinguish a dangerous sexual offender whose disorder subjects him to civil commitment from the dangerous but typical recidivist in the ordinary criminal case." *In re J.M.*, 2006 ND 96, ¶ 10, 713 N.W.2d 518. Each of the four elements, the three statutory elements plus the *Crane* element, must be proven by the State by clear and convincing evidence. *Nelson*, 2017 ND 152, ¶ 5, 896 N.W.2d 923.

III

[¶6]    The parties stipulated elements one and two are met. Regarding elements three and four, whether Kulink is likely to reoffend and whether Kulink has serious difficulty controlling behavior, the district court stated only:

> c.  The Court finds Respondent is likely to engage in further acts of sexually predatory conduct based on the professional opinion of Dr. Jennifer Krance. Dr. Krance testified that, although the Respondent has shown improvement, the Respondent still exhibits risk factors during this review period.
> d.  The Court further finds that he has serious difficulty controlling behavior as evidenced in particular by the incident in March of 2017, in which the Respondent was in possession of pornography and homemade sex toys.

This Court has said the "district court must state the specific factual findings upon which its legal conclusions are based." *Id.* "The district court errs, as a matter of law, when its findings are insufficient or do not support its legal conclusions." *Id.*

[¶7]    Under N.D.R.Civ.P. 52(a)(1), when an "action [is] tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately." This Court has further explained:

> Under N.D.R.Civ.P. 52(a), the trial court is required to make findings of fact and conclusions of law sufficient to enable the appellate court to understand the factual determinations made by the trial court and the basis for its conclusions of law and the judgment or order entered thereon. The trial court's findings of fact and conclusions of law should be stated with sufficient specificity to assist the appellate court's review and to afford a clear understanding of the trial court's decision. Conclusory, general findings do not comply with N.D.R.Civ.P. 52(a), and a finding of fact that merely states a party has failed in its burden of proof is inadequate under the rule. Rather, the trial court must specifically state the subordinate facts upon which its ultimate factual conclusions rest. Although findings of fact should be stated to afford a clear understanding of the court's decision, findings are adequate if this Court can discern from them the factual basis for the trial court's determination.

*O'Hara v. Schneider*, 2017 ND 53, ¶ 16, 890 N.W.2d 831 (quoting *Rothberg v. Rothberg*, 2006 ND 65, ¶ 14, 711 N.W.2d 219).

3

[¶8] Here, the district court did not provide sufficient specificity in its three-sentence resolution of elements three and four. There is not enough information for this Court to understand the basis for the district court's findings and conclusions. It is unclear which risk factors the court found sufficient to support a finding that Kulink is likely to reoffend. The district court also fails to explain its findings or reasoning on the *Crane* element. We are left to speculate as to the nexus between Kulink's disorder and possession of pornography and a sex toy and how this nexus distinguishes Kulink from the dangerous but typical recidivist.

[¶9] This Court has previously reversed on sexually dangerous individual discharge hearing appeals, holding the district court's findings to be insufficient. *Nelson*, 2017 ND 152, ¶ 9, 896 N.W.2d 923 (reversing commitment order based on supplemental findings that did not support conclusion that Nelson had present serious difficulty controlling his behavior); *Interest of Nelson*, 2017 ND 28, ¶ 1, 889 N.W.2d 879 (remanding for specific findings on likely to reoffend element and *Crane* factor because initial findings were inadequate to permit appellate review); *Johnson*, 2016 ND 29, ¶ 1, 876 N.W.2d 25 (reversing commitment order issued because district court's failure to find *Crane* factor was satisfied); *In re Johnson*, 2015 ND 71, ¶ 9, 861 N.W.2d 484 (remanding for findings on *Crane* element); *Matter of Midgett*, 2009 ND 106, ¶¶ 1, 9, 766 N.W.2d 717 (remanding for findings on *Crane* element). As the above cases show, inadequate findings are a recurring issue in commitment hearings. Here, the district court order included only a conclusory statement that Kulink met the two elements in question. The presence of three sentences as both the findings of fact and conclusions of law for two separate elements is not sufficient for this Court to conduct appellate review. Because these three sentences are insufficiently detailed, they are not findings sufficient to support the district court's conclusion that Kulink remains a sexually dangerous individual. We do not reach Kulink's other argument regarding the State meeting its burden because there is not enough for this Court to review. It is for the district court in the first instance to assess credibility, resolve conflicts in testimony, draw inferences, and synthesize these determinations in

4

findings of fact. Our review of the record suggests the evidence in support of elements three and four is not overwhelming. It is not within our appellate function to make findings in the first instance or to infer from the district court's conclusions and the record the factual findings it might have made in support of that conclusion.

IV

[¶10]  We conclude the district court did not make findings of fact sufficient to permit appellate review. We retain jurisdiction under N.D.R.App.P. 35(a)(3) and remand the district court's commitment order with instructions that, within thirty days from the filing of this opinion, the district court make specific findings of fact on whether Kulink is likely to engage in further acts of sexually predatory conduct and whether Kulink has a present serious difficulty controlling behavior beyond that of a dangerous but ordinary criminal recidivist.

[¶11]  Jerod E. Tufte
       Daniel J. Crothers
       Lisa Fair McEvers
       Jon J. Jensen
       Gerald W. VandeWalle, C.J.

**Jensen, Justice, concurring specially.**

[¶12]  The majority opinion is well written and provides an appropriate analysis for this case.  Although I have signed the majority opinion, I write separately to urge the legislature or this Court to take action to address what I perceive to be a significant injustice created by the length of time it takes to complete the annual discharge petition proceedings provided by N.D.C.C. § 25-03.3-18.

[¶13]  In 2007, at age 15, Kulink was adjudicated as a delinquent child on one count of gross sexual imposition.  Kulink was subsequently determined to be a sexually dangerous individual and assigned to sex offender treatment at the North Dakota State Hospital ("NDSH").  In September 2016, Kulink consented to civil commitment as a sexually dangerous individual at the NDSH and was assigned to community

5

placement. Kulink has remained in community placement status since the civil commitment.

[¶14] Section 25-03.3-18, N.D.C.C., provides a committed individual with an annual opportunity to petition for discharge from the civil commitment. On August 3, 2017, Kulink filed an application seeking discharge from the civil commitment. Approximately six months later, on February 9, 2018, a hearing was held to determine whether Kulink should be discharged from the civil commitment. The district court issued an order denying Kulink's application on February 15, 2018, and Kulink filed an appeal on March 1, 2018.

[¶15] This Court heard oral argument on October 25, 2018 and has issued an opinion in less than sixty days following the argument. Unfortunately, the opinion concludes that it is necessary to remand this case to the district court for further findings. Regardless of the outcome on remand, because another year of commitment has come and gone, N.D.C.C. § 25-03.3-18 requires that Kulink be provided with another opportunity to request a discharge from the civil commitment.

[¶16] This case is not unique in the length of the delays. Paragraph 9 of the majority opinion provides several examples of annual discharge proceedings that extended beyond a year and overlapped into the next review period. A particularly egregious example of the injustice caused by delay is provided by our decisions in *Interest of Johnson*, 2015 ND 71, 861 N.W.2d 484 and *Interest of Johnson*, 2016 ND 29, 876 N.W.2d 25, two cases involving the same committed individual and the same petition for discharge. In the 2015 appeal, this Court remanded an order denying the committed individual's petition for a discharge from civil commitment as a sexually dangerous individual. On remand, the district court again denied the petition for discharge. Following the second appeal, this Court reversed the district court's denial of the petition for discharge. In summary, the committed individual was held for over two years from the submission of the petition for discharge until finally discharged.

[¶17] Some delays in these proceedings are necessary. For example, the committed individual is provided with an opportunity to undergo an independent examination.

N.D.C.C. § 25-03.3-12. Significant delay is often encountered in setting the time for the independent examination, providing the independent examiner an opportunity to review the committed individual's records and the preparation of a report following the examination. Additionally, our current schedule for the preparation of the transcript and submission of briefs on appeal adds to the delay. Despite the challenges, I urge the legislature and this Court to find a way to provide committed individuals an opportunity to have a timely review of their commitments.

[¶18] Kulink argues this Court should adopt a de novo standard of review on appeal to reduce the amount of delay. We have previously recognized the outcome of a sexually dangerous individual proceeding is often dependent upon the district court's credibility determinations of expert witnesses and the weight to be given their testimony. *Matter of J.T.N.*, 2011 ND 231, ¶ 6, 807 N.W.2d 570. The district court is in a better position to weigh the credibility of the expert witnesses, and I would decline to replace the modified clearly erroneous standard with a de novo standard of review. Under our current standard of review, the insufficient findings compel this case to be remanded to the district court for further proceedings.

[¶19] Jon J. Jensen