# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

---

2019 ND 115

---

In the Interest of T.A.G.

----------

Julie Lawyer,                                                    Petitioner and Appellee

v.

T.A.G.,                                                          Respondent and Appellant

---

No. 20180374

---

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable John W. Grinsteiner, Judge.

REMANDED WITH INSTRUCTIONS.

Opinion of the Court by Crothers, Justice.

Julie A. Lawyer, Burleigh County State's Attorney, Bismarck, ND, petitioner and appellee.

Tyler J. Morrow, Grand Forks, ND, for respondent and appellant.

**Crothers, Justice.**

[¶1]    T.A.G. appeals from an order denying discharge from commitment as a sexually dangerous individual.  T.A.G. argues the district court did not make sufficient findings or meet its burden of clear and convincing evidence on the elements of "likely to reoffend" and "serious difficulty controlling behavior."  We retain jurisdiction under N.D.R.App.P. 35(a)(3) and remand for further proceedings consistent with this opinion.

I

[¶2]    On September 7, 2018, the district court conducted an annual review hearing on T.A.G.'s civil commitment.  At the hearing the court heard testimony from Dr. Erik Fox and T.A.G.  On October 17, 2018, the court denied T.A.G.'s petition for discharge.

II

[¶3]    This Court reviews civil commitments of sexually dangerous individuals under a modified clearly erroneous standard of review.  *Interest of Nelson*, 2017 ND 152, ¶ 3, 896 N.W.2d 923.  We affirm a district court's order unless it is "induced by an erroneous view of the law, or we are firmly convinced the order is not supported by clear and convincing evidence."  *Id.*  When reviewing the district court's order, this Court gives "great deference to the court's credibility determinations of expert witnesses and the weight to be given their testimony."  *In re Johnson*, 2016 ND 29, ¶ 3, 876 N.W.2d 25.  To be committed as a sexually dangerous individual a person must meet the three statutory elements:

> (1) the individual has engaged in sexually predatory conduct,
> (2) the individual has a congenital or acquired condition that is manifested by a sexual disorder, a personality disorder, or other mental disorder or dysfunction, and

1

(3) the individual's condition makes them likely to engage in further acts of sexually predatory conduct which constitute a danger to the physical or mental health or safety of others.

N.D.C.C. § 25-03.3-01(8).

[¶4]     In addition to the three statutory elements, the State must satisfy substantive due process and prove the committed individual has serious difficulty controlling his behavior. *In re Whitetail,* 2013 ND 143, ¶ 5, 835 N.W.2d 827. In *Kansas v. Crane,* the Supreme Court explained that "we did not give to the phrase 'lack of control' a particularly narrow or technical meaning. And we recognize that in cases where lack of control is at issue, 'inability to control behavior' will not be demonstrable with mathematical precision." 534 U.S. 407, 413 (2002). Although not mathematical, the "inability to control behavior . . . must be sufficient to distinguish the dangerous sexual offender whose serious mental illness, abnormality, or disorder subjects him to civil commitment from the dangerous but typical recidivist convicted in an ordinary criminal case." *Id.* Thus, a "connection between the disorder and the individual's inability to control" his actions must be found. *Nelson,* 2017 ND 152, ¶ 4, 896 N.W.2d 923.

[¶5]     North Dakota incorporates the *Crane* requirement through the definition of sexually dangerous individual, which requires "proof of a nexus between the requisite disorder and dangerousness [to] encompass[] proof that the disorder involves serious difficulty in controlling behavior and suffices to distinguish a dangerous sexual offender whose disorder subjects him to civil commitment from the dangerous but typical recidivist in the ordinary criminal case." *In re J.M.*, 2006 ND 96, ¶ 10, 713 N.W.2d 518. The three statutory elements and the *Crane* element must be proven by the State with clear and convincing evidence. *Nelson,* 2017 ND 152, ¶ 5, 896 N.W.2d 923.

[¶6]     The parties stipulated to elements one and two. Regarding elements three and the *Crane* requirement, whether T.A.G. is likely to reoffend and whether he has serious difficulty controlling behavior, the district court stated:

2

"Dr. Fox's report and testimony indicate that the Respondent has serious difficulty in controlling his behavior while at the State Hospital. The Respondent has had behavioral issues while in the State Hospital. The Respondent has not completed all levels of treatment as he has a cyclical pattern of making progress in treatment and then slipping backwards in the program. Dr. Fox indicated that based on the Respondent's history of sexual predatory conduct and non-sexual offenses, his history of psychopathy, drug dependence, and his sexual preoccupation make it likely that the Respondent would have serious difficulty controlling his behavior."

"The Respondent testified that he had completed treatment and one of the behavioral write-ups noted by Dr. Fox, which included a statement about 'cream pie' that was interpreted as a sexual comment, was in accurate [*sic*]. He testified that he did not say what was reported and there was no sexual innuendo in what he did say. However, the Court noted that there were approximately thirty (30) pages of Dr. Fox's report that included behavior issues noted of the Respondent at the State Hospital. The behavior write-ups and treatment notes show the Respondent has serious difficulty controlling his sexual and other behaviors in a controlled setting at the State Hospital."

A district court must make the specific factual findings upon which it bases legal conclusions. *Nelson*, 2017 ND 152, ¶ 5, 896 N.W.2d 923. The district court errs as a matter of law when its findings are insufficient or do not support the legal conclusions. *Id.*

[¶7] Under N.D.R.Civ.P. 52(a)(1), when an action is tried on the facts without a jury, the district court must find the facts specially and state its conclusions of law separately. This Court has further explained:

"Under N.D.R.Civ.P. 52(a), the trial court is required to make findings of fact and conclusions of law sufficient to enable the appellate court to understand the factual determinations made by the trial court and the basis for its conclusions of law and the judgment or order entered thereon. The trial court's findings of fact and conclusions of law should be stated with sufficient specificity to assist the appellate court's review and to afford a clear understanding of the trial court's decision. Conclusory, general findings do not comply with N.D.R.Civ.P. 52(a), and a finding of fact that merely states a party has failed in its burden of proof is inadequate under the rule. Rather, the trial court must specifically state the subordinate facts upon which its ultimate factual conclusions rest. Although findings of fact should be stated to afford

3

a clear understanding of the court's decision, findings are adequate if this Court can discern from them the factual basis for the trial court's determination."

*O'Hara v. Schneider*, 2017 ND 53, ¶ 16, 890 N.W.2d 831.

[¶8] Here, the findings for element three and the *Crane* requirement are not sufficient for this Court to understand the basis of the district court's order. It is unclear which risk factors the court found sufficient to support the finding that T.A.G. is likely to reoffend. Nor are we provided with findings or reasoning on the *Crane* element sufficient to understand the nexus between T.A.G.'s behavioral write-up contained in pages of treatment notes and his disorder. As a result, it is unclear how T.A.G. is distinguished from the dangerous but typical recidivist.

[¶9] Inadequate findings may require reversal. *See Matter of Kulink*, 2018 ND 260, ¶ 9, 920 N.W.2d 446; *Nelson*, 2017 ND 152, ¶ 9, 896 N.W.2d 923; *Matter of Midgett*, 2009 ND 106, ¶¶ 1, 9, 766 N.W.2d 717. Further, the minimal *Crane* analysis with which we were provided seemed focused on prognostic factors rather than contemporary evidence or specific instances to support the conclusion.

III

[¶10] The findings of fact are not sufficient to permit appellate review. We retain jurisdiction under N.D.R.App.P. 35(a)(3) and remand the case with instructions that, within thirty days from the filing of this opinion, the district court make specific findings of fact on whether T.A.G. is "likely to reoffend" and whether T.A.G. has "serious difficulty controlling behavior" beyond that of a dangerous but ordinary criminal recidivist.

[¶11] Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Jon J. Jensen
Gerald W. VandeWalle, C.J.

4