# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 240

In the Matter of Michael Ross Knoke

Michael S. McIntee, Bottineau County
State's Attorney,                                                Petitioner and Appellee

v.

Michael Ross Knoke,                                         Respondent and Appellant

## No. 20210081

Appeal from the District Court of Bottineau County, Northeast Judicial District, the Honorable Michael P. Hurly, Judge.

REVERSED.

Opinion of the Court by VandeWalle, Justice.

Seymour R. Jordan, State's Attorney, Crosby, ND, for petitioner and appellee.

Michael R. Knoke, Jamestown, ND, respondent and appellant.

**VandeWalle, Justice.**

[¶1]   Michael Knoke appealed from an order civilly committing him as a sexually dangerous individual. We conclude the district court erred by ordering Knoke's commitment without determining he has serious difficulty controlling his behavior. We reverse the commitment order.

I

[¶2]   In 1985, Knoke was convicted of attempted gross sexual imposition involving a six-year old girl. He was sentenced to four years in prison, with two years suspended, and two years of probation. In 2016, Knoke was convicted of gross sexual imposition involving a four to six-year-old girl. He was sentenced to 20 years in prison, with 16 years suspended, and five years of probation.

[¶3]   On December 16, 2019, before Knoke was discharged from the Department of Corrections and Rehabilitation (DOCR), the State petitioned to civilly commit him as a sexually dangerous individual under N.D.C.C. ch. 25-03.3. The State cited both prior convictions and a 1994 charge of gross sexual imposition, which had been dismissed.

[¶4]   A preliminary hearing was held. The district court found there was probable cause to believe Knoke is a sexually dangerous individual.

[¶5]   A psychological evaluation report was issued. The evaluator found Knoke suffers from pedophilic disorder and alcohol use disorder. He also found Knoke's mental disorders make him likely to engage in future acts of sexually predatory conduct.

[¶6]   After a commitment hearing, the district court entered an order for commitment. The court found there was clear and convincing evidence Knoke has engaged in sexually predatory conduct, he has a sexual or other mental disorder, and his risk of sexual recidivism is above average. The court found Knoke's mental disorders and above average level of risk of recidivism make

him likely to engage in future acts of sexually predatory conduct which constitute a danger to the physical or mental health or safety of others.

## II

[¶7]   Knoke argues the district court erred by finding there was probable cause to believe he is a sexually dangerous individual.

[¶8]   A respondent is entitled to a preliminary hearing on a petition for commitment of a sexually dangerous individual, unless the respondent knowingly waives the preliminary hearing. N.D.C.C. § 25-03.3-11. If the court determines that probable cause exists, the court shall order an evaluation. *Id.*

[¶9]   In other types of cases in which a preliminary determination is made by the trial court, this Court has held the court's preliminary determination is rendered moot once the trial or evidentiary hearing is held. *See State v. Montplaisir*, 2015 ND 237, ¶ 16, 869 N.W.2d 435 (holding a district court's decision at a preliminary hearing in a criminal case that probable cause exists to hold the defendant for trial is rendered moot once the trial is held); *Kartes v. Kartes*, 2013 ND 106, ¶ 18, 831 N.W.2d 731 (holding the court's decision that the moving party established a prima facie case justifying modification of primary residential responsibility becomes moot once the evidentiary hearing was held); *In re Estate of Vestre*, 2011 ND 144, ¶ 19, 799 N.W.2d 379 (holding the question of whether the trial court erred in denying summary judgment is moot if a case goes to trial after the motion for summary judgment is denied).

[¶10] In *Kartes*, 2013 ND 106, ¶ 16, we explained the rationale for why the district court's preliminary determinations become moot:

> As in the summary judgment or preliminary hearing settings, one party is required, as a prerequisite to receiving an evidentiary hearing or trial, to present sufficient evidence of facts which, if established at the hearing or trial, would allow the trial court to decide in their favor on the merits. The preliminary determination by the trial court that the threshold requirement has been met does not finally resolve any of the issues on the merits but merely puts the parties to their proof with a full opportunity to present all of their evidence. There can be little, if any, prejudice to the

2

opposing party when the only effect of the district court's order finding a prima facie case is to grant a hearing and require the parties to present their case. Under these circumstances, the question whether a sufficient preliminary showing was made is immaterial and becomes moot once the case has proceeded to a full evidentiary hearing or trial, and "the question of whether a party has met its burden as to the elements of a claim must be answered with reference to the evidence and the record as a whole." *Berg* [*v. Dakota Boys Ranch Ass'n*]*,* 2001 ND 122, ¶ 10, 629 N.W.2d 563.

[¶11] The same rationale applies to the probable cause determination required in cases of civil commitment of a sexually dangerous individual. We conclude the district court's probable cause determination at a preliminary hearing becomes moot once the commitment hearing is held. Therefore, we will not address Knoke's argument that the district court erred in finding there was probable cause to believe he is a sexually dangerous individual.

III

[¶12] Knoke argues there was insufficient evidence introduced at the commitment hearing to find he has serious difficulty controlling his behavior.

[¶13] Civil commitments of sexually dangerous individuals are reviewed under a modified clearly erroneous standard. *In re Nelson*, 2017 ND 28, ¶ 7, 889 N.W.2d 879. The court's decision will be affirmed unless it is induced by an erroneous view of the law or we are firmly convinced the decision is not supported by clear and convincing evidence. *Id.*

[¶14] The State has the burden of proving a person is a sexually dangerous individual by clear and convincing evidence. *In re Buller*, 2020 ND 270, ¶ 14, 952 N.W.2d 106. The State must prove the three statutory elements in N.D.C.C. § 25-03.3-01(8):

1. [T]he individual has engaged in sexually predatory conduct,
2. [T]he individual has a congenital or acquired condition that is manifested by a sexual disorder, a personality disorder, or other mental disorder or dysfunction, and

3

3. [T]he individual's condition makes them likely to engage in further acts of sexually predatory conduct which constitute a danger to the physical or mental health or safety of others.

*In re G.L.D.*, 2019 ND 304, ¶ 4, 936 N.W.2d 539 (quoting *In re T.A.G.*, 2019 ND 115, ¶ 3, 926 N.W.2d 702). In addition to the three statutory elements, the State must also satisfy substantive due process and prove the individual has serious difficulty controlling his behavior. *In re Hehn*, 2020 ND 226, ¶ 5, 949 N.W.2d 848.

[¶15] This Court has recognized the United States Supreme Court held, in *Kansas v. Crane*, 534 U.S. 407, 413 (2002), that "the civil commitment of a sexually dangerous individual cannot be sustained without determining that the individual has a serious difficulty controlling his or her behavior." *In re Johnson*, 2015 ND 71, ¶ 7, 861 N.W.2d 484. "[T]he inability to control behavior . . . must be sufficient to distinguish the dangerous sexual offender whose serious mental illness, abnormality, or disorder subjects him to civil commitment from the dangerous but typical recidivist convicted in an ordinary criminal case." *In re G.L.D.*, 2019 ND 304, ¶ 4 (quoting *In re T.A.G.*, 2019 ND 115, ¶ 4). Conduct demonstrating an individual's serious difficulty controlling behavior may be sexual or nonsexual conduct, "but the presence of a mental disorder or condition alone does not satisfy the requirement of clear and convincing evidence that the individual is likely to engage in further sexually predatory conduct." *Hehn*, 2020 ND 226, ¶ 5 (quoting *In re Didier*, 2019 ND 263, ¶ 4, 934 N.W.2d 417).

[¶16] The district court found there was clear and convincing evidence Knoke engaged in sexually predatory conduct, he has a sexual or other mental disorder, and he was assessed with above average level of risk of sexual recidivism. The court found his mental disorders and assessed risk level of recidivism make him likely to engage in future acts of sexually predatory conduct which constitutes a danger to the physical or mental health or safety of others. Knoke does not argue these findings are clearly erroneous.

[¶17] However, the district court did not make any specific findings about whether Knoke has serious difficulty controlling his behavior. Under

4

N.D.R.Civ.P. 52(a)(1), the court must find the facts specially and state its conclusions of law. "This Court cannot review a district court's decision when the court does not provide any indication of the evidentiary and theoretical basis for its decision because we are left to speculate what evidence was considered and whether the law was properly applied." *In re Johnson*, 2015 ND 71, ¶ 8 (quoting *In re R.A.S.*, 2008 ND 185, ¶ 8, 756 N.W.2d 771). The court errs when it fails to make a finding on whether the respondent has serious difficulty controlling his behavior or when it does not specifically state the facts upon which it relied in finding serious difficulty controlling behavior. *In re Nelson*, 2017 ND 28, ¶ 12.

[¶18] Because the district court did not determine whether Knoke has serious difficulty controlling his behavior, the court erred by ordering Knoke's civil commitment as a sexually dangerous individual.

IV

[¶19] We conclude the district court failed to make sufficient findings. We do not address other arguments raised because they are either unnecessary to the decision or are without merit. We reverse the district court's order civilly committing Knoke as a sexually dangerous individual.

[¶20] Jon J. Jensen, C.J.
      Gerald W. VandeWalle
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte