2016 ND 29

**In the Interest of Jeremy Tim JOHNSON**

**Rozanna C. Larson, County State's Attorney, Petitioner and Appellee**

v.

**Jeremy Tim Johnson, Respondent and Appellant.**

No. 20150217.

Supreme Court of North Dakota.

Feb. 18, 2016.

Kelly A. Dillon, Assistant State's Attorney, Ward County Courthouse, Minot, ND, for petitioner and appellee.

Tyler J. Morrow, Forks, ND, for respondent and appellant.

KAPSNER, Justice.

[¶ 1] Jeremy Johnson appeals a district court order continuing his commitment as a sexually dangerous individual. He argues the district court's findings are insufficient to demonstrate he has serious difficulty controlling his behavior. We conclude the district court's findings are insufficient, and we reverse its order.

I

[¶ 2] Johnson was committed as a sexually dangerous individual in 2012. We upheld his initial commitment in *Interest of Johnson*, 2013 ND 146, 835 N.W.2d 806. In 2013, he petitioned the district court for discharge; the district court found Johnson was a sexually dangerous individual and continued his commitment. Johnson appealed. In *Interest of Johnson*, 2015 ND 71, 861 N.W.2d 484, this Court remanded Johnson's case for further findings of fact regarding whether he had serious difficulty controlling his behavior. Upon remand, the district court reviewed the record, made additional findings, and again continued Johnson's commitment. Johnson filed a timely appeal.

## II

■ [¶ 3] We set forth our standard for reviewing the civil commitment of sexually dangerous individuals in *Johnson*, 2015 ND 71, ¶¶ 4–5, 861 N.W.2d 484 (quoting *Matter of Wolff*, 2011 ND 76, ¶ 5, 796 N.W.2d 644):

We will affirm a trial court's order denying a petition for discharge unless it is induced by an erroneous view of the law or we are firmly convinced it is not supported by clear and convincing evidence. In reviewing the trial court's order, we give great deference to the court's credibility determinations of expert witnesses and the weight to be given their testimony. The trial court is the best credibility evaluator in cases of conflicting testimony and we will not second-guess the court's credibility determinations.

The State bears the burden in these cases:

To prove a committed individual remains a sexually dangerous individual, the State must show three statutory elements: (1) the individual has engaged in sexually predatory conduct, (2) the individual has a congenital or acquired condition that is manifested by a sexual disorder, a personality disorder, or other mental disorder or dysfunction, and (3) the individual's condition makes them likely to engage in further acts of sexually predatory conduct which constitute a danger to the physical or mental health or safety of others.

*Johnson*, 2015 ND 71, at ¶ 5, 861 N.W.2d 484 (citing *Interest of Corman*, 2014 ND 88, ¶ 8, 845 N.W.2d 335). Substantive due process requires an additional burden of proof beyond the three statutory elements:

[T]o satisfy substantive due process, the State must also prove the committed individual has serious difficulty controlling his behavior.... We construe the definition of a sexually dangerous indi-

vidual to mean that proof of a nexus between the requisite disorder and dangerousness encompasses proof that the disorder involves serious difficulty in controlling behavior and suffices to distinguish a dangerous sexual offender whose disorder subjects him to civil commitment from the dangerous but typical recidivist in the ordinary criminal case.

*Wolff*, at ¶ 7 (citations and quotation omitted). *See also Kansas v. Crane*, 534 U.S. 407, 413, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002).

## III

■ [¶ 4] The district court must find the State has proven all of these elements by clear and convincing evidence. *Matter of Midgett*, 2009 ND 106, ¶ 6, 766 N.W.2d 717. The district court must state the specific factual findings upon which its legal conclusions are based. *Matter of R.A.S.*, 2008 ND 185, ¶ 8, 756 N.W.2d 771. The court errs, as a matter of law, when its findings are insufficient or do not support its legal conclusions. *Id.*

Because this Court defers to a district court's choice between two permissible views of the evidence and the district court decides issues of credibility, detailed findings are particularly important when there is conflicting or disputed evidence. This Court cannot review a district court's decision when the court does not provide any indication of the evidentiary and theoretical basis for its decision because we are left to speculate what evidence was considered and whether the law was properly applied.

*Johnson*, 2015 ND 71, ¶ 8, 861 N.W.2d 484 (quoting *R.A.S.*, at ¶ 8). *See also Midgett*, at ¶ 8.

[¶ 5] We defer to a district court's determination that an individual has serious difficulty controlling behavior when it is

supported by specific findings demonstrating the difficulty. In *Interest of G.L.D.*, we upheld a finding of serious difficulty controlling behavior when the individual frequently assaulted staff and his peers. 2011 ND 52, ¶ 7, 795 N.W.2d 346. In *Wolff*, we upheld a finding of serious difficulty when the individual yelled profanities, had an explosive temper, refused to attend treatment, and acted in a sexual manner with a peer. 2011 ND 76, ¶ 9, 796 N.W.2d 644. In *Matter of M.D.*, we upheld a finding of serious difficulty when the individual had engaged in a sexual relationship with a peer and stated he would take advantage of a minor if he knew he would not be caught, would use drugs if they were offered to him, and would provide oral sex if someone came to his door and wanted it. 2012 ND 261, ¶ 10, 825 N.W.2d 838.

[¶ 6] Conversely, when the district court does not support its determination that an individual has serious difficulty controlling behavior with specific factual findings, we find error. We found error in *Midgett* when "[t]he district court did not specifically state the facts upon which it relied or even make a finding on whether Midgett had serious difficulty in controlling his behavior." 2009 ND 106, ¶ 9, 766 N.W.2d 717. Similarly, in this case, *Johnson*, 2015 ND 71, ¶ 9, 861 N.W.2d 484, we found error when the court merely analyzed Johnson's criminal history but "did not specifically state the facts upon which it relied, nor did it make specific findings on whether Johnson has serious difficulty in controlling his behavior."

[¶ 7] Johnson asserts the district court erred when it continued his commitment because the court's findings are insufficient to demonstrate he has serious difficulty controlling his behavior. We agree. The district court's order does not make a finding regarding whether he has serious difficulty controlling his behavior. Rather, the court found Johnson's progression in treatment inadequate and thus concluded his unsatisfactory engagement in treatment warrants continued commitment. The State asserts this finding is sufficient to show Johnson has serious difficulty controlling his behavior. It argues that if Johnson was able to control his behavior, he would have progressed further in treatment—i.e. it contends lack of progression in treatment is the same as serious difficulty controlling behavior. We agree that lack of progress in treatment may indicate serious difficulty controlling behavior, but we decline to infer one equals the other. Lack of progress in treatment *alone* is insufficient to meet this requirement for commitment. We conclude a specific finding regarding whether Johnson has serious difficulty controlling his behavior was required to justify continuation of his commitment.

[¶ 8] The facts of Johnson's case are illustrative of why specific findings are necessary. Two experts testified on behalf of Johnson and one expert testified on behalf of the State. The court heard conflicting testimony about Johnson's level of participation, but no expert testified that Johnson refused to attend treatment sessions. Johnson's actual treatment records in the district court record show he has exhibited both advancement and struggle.

[¶ 9] The district court's order concludes:

Johnson has made little to no progress in the CORE group.

. . . .

Since his commitment he has not participated in a treatment program in any significant or meaningful fashion.

. . . .

Johnson was initially committed so that he could receive treatment which would

hopefully enable him to manage and curb his urges. To date, he has all but rejected the offered treatment.

[¶ 10] There is no evidence to support a finding that Johnson has "rejected" treatment in the sense of failure to attend and participate in treatment. The most consistently repeated statement in his treatment notes is "Mr. Johnson arrived on time for both sessions and handed in his completed journal to be reviewed." Failure to attend treatment might demonstrate inability to control behavior just as violation of other institutional rules. *See, e.g., Wolff,* 2011 ND 76, ¶ 9, 796 N.W.2d 644.

[¶ 11] However, the district court made *no* findings relating to Johnson's present inability to control his behavior. The court relies totally on an assumption that the failure to satisfactorily progress in treatment makes Johnson a danger to others. The State has not met its statutory or constitutional burden. In sexually dangerous individual cases, the government's imposition of involuntary confinement and sexual offender treatment are contingent upon the State meeting its burden. It is not the other way around; continuing commitment solely on the basis of inadequate participation in treatment, without an explanation of how the person committed meets the statutory and constitutional requirements, reverses the burden from the State to the committed individual. In sexually dangerous individual cases, an individual may only be committed when, among other things, the individual has serious difficulty controlling his or her behavior making that individual a danger to others. The district court did not find Johnson has serious difficulty controlling his behavior even after remand for that specific purpose. Yet it continued his commitment. This constitutes an error of law.

## IV

[¶ 12] The district court did not find and this record does not support a finding that Johnson has a present serious difficulty controlling his behavior. We reverse the district court's order and direct Jeremy Johnson be released from civil commitment.

[¶ 13] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS and DANIEL J. CROTHERS, JJ., concur.

SANDSTROM, Justice, dissenting.

[¶ 14] I would have affirmed on the last appeal when the majority reversed and remanded. For that reason, I would again affirm here.

[¶ 15] DALE V. SANDSTROM