# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 169

In the Matter of R.A.S.,

----------

Birch P. Burdick, Cass County                          Petitioner and Appellee
State's Attorney,

    v.

R.A.S.,                                                Respondent and Appellant

No. 20190016

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven L. Marquart, Judge.

REVERSED.

Opinion of the Court by Crothers, Justice.

Leah J. Viste, Assistant State's Attorney, Fargo, ND, for petitioner and appellee.

Tyler J. Morrow, Grand Forks, ND, for respondent and appellant.

**Crothers, Justice.**

[¶1]    R.A.S. appeals from a district court order denying his petition for discharge and continuing commitment as a sexually dangerous individual. The order denying R.A.S.'s petition for discharge is reversed for lack of findings sufficient to conclude the due process requirement has been met under *Kansas v. Crane*, 534 U.S. 407 (2002).

I

[¶2]    R.A.S. was convicted of gross sexual imposition in 1991 and sentenced to eight years. In 2001 R.A.S. was convicted of possession of stolen property, and in 2002 assault on a corrections officer. As part of the sentence for the possession of stolen property charge, the district court recommended R.A.S. receive a mental health evaluation. Before his scheduled release in 2004, the State successfully petitioned to commit R.A.S. as a sexually dangerous individual. In 2007 R.A.S. requested his statutory right to review his commitment. The district court found R.A.S. continued to be a sexually dangerous individual. R.A.S. appealed the finding and this Court remanded because there were insufficient findings of fact and the district court used a conclusory statement that the State met its burden of proof. *Matter of R.A.S.*, 2008 ND 185, ¶¶ 7-8, 756 N.W.2d 771. The district court made explicit findings detailing R.A.S.'s conduct and how it related to the criteria for establishing a sexually dangerous individual. We affirmed. *Matter of R.A.S.*, 2009 ND 101, 766 N.W.2d 712. In 2010, 2012, and 2016 R.A.S. petitioned for discharge and did not appeal the district court orders denying his petitions.

[¶3]    On May 2, 2018, R.A.S. requested a discharge hearing under N.D.C.C. § 25-03.3-18. At the January 11, 2019 hearing, a psychologist testified R.A.S. is likely to engage in further acts of sexually predatory conduct based on actuarial tests and

review of past conduct. The psychologist testified to a situation where R.A.S. requested a lower prescribed level of medication. The State Hospital agreed and revoked some of R.A.S.'s privileges at the onset of the lower dosage to determine whether the new dosage met his medical needs. R.A.S. protested the revocation of privileges by refusing two doses of his medication, but later agreed to remain on the higher dosage in return for his privileges continuing intact. The psychologist testified R.A.S.'s refusal to twice take the prescribed medication demonstrated his inability to control his behavior.

[¶4] The district court used this situation as the basis for finding R.A.S. is unable to control his behavior. On January 15, 2019, the district court denied R.A.S.'s application for discharge. R.A.S. timely appealed.

II

[¶5] This Court reviews civil commitments of sexually dangerous individuals under a modified clearly erroneous standard, and we will affirm the district court's decision unless it is induced by an erroneous view of the law, or we are firmly convinced the decision is not supported by clear and convincing evidence. *Interest of Tanner*, 2017 ND 153, ¶ 4, 897 N.W.2d 901. At a discharge hearing, the burden is on the State to prove by clear and convincing evidence the petitioner remains a sexually dangerous individual. N.D.C.C. § 25-03.3-18(4). The State must prove three statutory elements to show the petitioner remains a sexually dangerous individual:

> "[1] [the individual] engaged in sexually predatory conduct and [2] . . . has a congenital or acquired condition that is manifested by a sexual disorder, a personality disorder, or other mental disorder or dysfunction [3] that makes that individual likely to engage in further acts of sexually predatory conduct which constitute a danger to the physical or mental health or safety of others."

N.D.C.C. § 25-03.3-01(8).

[¶6] The State also must meet substantive due process requirements by proving the individual has serious difficulty in controlling his behavior. *Tanner*, 2017 ND 153,

2

¶ 5, 897 N.W.2d 901. Consistent with the holding in *Kansas v. Crane*, 534 U.S. 407 (2002), the definition of a sexually dangerous individual requires "proof of a nexus between the requisite disorder and dangerousness to encompass proof that the disorder involves serious difficulty in controlling behavior and suffices to distinguish a dangerous sexual offender whose disorder subjects him to civil commitment from the dangerous but typical recidivist in the ordinary criminal case." *Interest of Carter*, 2019 ND 67, ¶ 4, 924 N.W.2d 112 (internal quotation marks omitted). Neither our law nor *Kansas v. Crane*, "require the conduct evidencing the individual's serious difficulty in controlling his behavior to be sexual in nature." *Matter of Wolff*, 2011 ND 76, ¶ 7, 796 N.W.2d 644.

[¶7] Constitutional considerations require a causal connection between the disorder and inability to control behavior, which would likely result in future sexually predatory conduct. *Tanner*, 2017 ND 153, ¶ 5, 897 N.W.2d 901; *Matter of J.M.*, 2019 ND 125, ¶ 9, 927 N.W.2d 422. The district court may consider sexual and non-sexual conduct demonstrating an individual's serious difficulty controlling behavior, but the presence of a mental disorder or condition alone does not satisfy the requirement of clear and convincing evidence the individual is likely to engage in further sexually predatory conduct. *J.M.*, 2019 ND 125, ¶ 9, 927 N.W.2d 422. The district court must state the specific factual findings used as a base for legal conclusions, and errs as a matter of law if the findings are insufficient or do not support the legal conclusions. *Id.* at ¶ 10.

III

[¶8] R.A.S. concedes the State met its burden on the first two prongs of N.D.C.C. § 25-03.3-01(8). R.A.S. stipulated to factor one during the discharge hearing, conceding he engaged in sexually predatory conduct. R.A.S. acknowledged he suffers from specified paraphilic, exhibitionistic, bipolar I, and specified personality disorders with antisocial and schizotypal features. The district court also found clear and convincing evidence of the third prong, that R.A.S. is likely to engage in further acts

3

of sexually predatory conduct, based on actuarial test scores and dynamic risk factors placing R.A.S. at above-average risk of re-offending. The psychologist testified these factors have caused R.A.S. to act out sexually as recently as 2016.

[¶9] In addition to the three statutory requirements, substantive due process requires proof R.A.S. has serious difficulty controlling his behavior. A district court's finding that an individual has serious difficulty controlling behavior is deferred to when it is supported by specific findings demonstrating the difficulty. *See Interest of G.L.D.,* 2011 ND 52, ¶ 7, 795 N.W.2d 346 (serious difficulty controlling behavior existed when the individual frequently assaulted staff and peers); *Matter of Wolff*, 2011 ND 76, ¶ 9, 796 N.W.2d 644 (serious difficulty controlling behavior existed when the individual yelled profanities, had an explosive temper, refused to attend treatment, and acted sexually with a peer); *Matter of M.D.,* 2012 ND 261, ¶ 10, 825 N.W.2d 838 (serious difficulty controlling behavior existed when individual engaged in a sexual relationship with a peer, stated he would take advantage of a minor if he knew he would not be caught, would use drugs if they were offered to him, and would provide oral sex if someone came to his door and wanted it).

[¶10] Conversely, error is found when findings do not support a decision that an individual has serious difficulty controlling behavior. *See Matter of Midgett*, 2009 ND 106, ¶ 9, 766 N.W.2d 717 (error by not specifically stating the facts upon which the district court relied or making a finding on whether petitioner had serious difficulty in controlling his behavior); *Interest of Johnson*, 2016 ND 29, ¶ 6, 876 N.W.2d 25 (error in merely analyzing an individual's criminal history, not stating the specific facts used for reliance, and not making specific findings regarding serious difficulty controlling behavior); *Matter of J.M.*, 2019 ND 125, ¶ 16, 927 N.W.2d 422 (error in finding a minor rule infraction, standing alone, supported a determination of serious difficulty controlling behavior).

[¶11] R.A.S argues the findings here are insufficient to demonstrate he has serious difficulty controlling his behavior. The district court found "In November of 2018, [R.A.S], without permission from his doctors, quit taking Olanzapine for two doses.

The [c]ourt concludes that by intentionally disobeying his obligation to take Olanzapine, this demonstrates [R.A.S.]'s inability to control his actions." The district court did not make any further findings supporting R.A.S.'s serious difficulty controlling his behavior. While the district court may rely on non-sexual conduct, "[t]he evidence must clearly show . . . a serious difficulty in controlling sexually predatory behavior." *Interest of J.M.*, 2006 ND 96, ¶ 10, 713 N.W.2d 518. The isolated instances of refusing two doses of prescribed medication do not establish a serious difficulty controlling behavior. Therefore, the finding that R.A.S. is a sexually dangerous individual is clearly erroneous.

IV

[¶12] The district court's order denying R.A.S.'s petition for discharge is reversed and R.A.S shall be released from civil commitment.

[¶13]  Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen
Jerod E. Tufte
Gerald W. VandeWalle, C.J.