# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2019 ND 263

In the Matter of Lawrence Didier

Frederick Fremgen,

Stutsman County State's Attorney,                           Petitioner and Appellee

      v.

Lawrence Didier,                                           Respondent and Appellant

### No. 20190015

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Cherie LaVonne Clark, Judge.

AFFIRMED

Opinion of the Court by McEvers, Justice.

Lilie A. Schoenack, Assistant State's Attorney, Jamestown, ND, for petitioner and appellee.

Tyler J. Morrow, Grand Forks, ND, for respondent and appellant.

## Matter of Didier
## No. 20190015

**McEvers, Justice.**

[¶1]  Lawrence Didier appeals from an order denying his petition for discharge from civil commitment as a sexually dangerous individual.  On appeal, Didier argues the district court's factual basis was insufficient to legally conclude he met the substantive due process requirement of the inability to control his behavior.  Didier also argues he did not receive a fair hearing that comports with procedural due process.  We affirm.

I

[¶2]  Didier has previously been convicted of two counts of sexual assault, one count of gross sexual imposition, and one count of indecent exposure occurring in 1988, 1998, and 2008.  After these convictions, in May 2010, the State petitioned the district court to commit Didier as a sexually dangerous individual.  In November 2010, the court ordered Didier's commitment pursuant to N.D.C.C. ch. 25-03.3.  Didier applied for discharge in April 2018.  On January 9, 2019, the court held a hearing on his application.  Dr. Deirdre D'Orazio, a doctor of clinical and forensic psychology, completed an annual re-evaluation of Didier.  On January 15, 2019, the court issued an order denying Didier's application.

II

[¶3]  "This Court reviews civil commitments of sexually dangerous individuals under a 'modified clearly erroneous' standard of review."  *In Interest of Voisine*, 2018 ND 181, ¶ 5, 915 N.W.2d 647.  "We will affirm a trial court's order denying a petition for discharge unless it is induced by an erroneous view of the law or we are firmly convinced it is not supported by clear and convincing evidence.  We give great deference to the court's credibility determinations of expert witnesses and the weight to be given their testimony."  *In the Interest of Tanner*, 2017 ND 153, ¶ 4, 897 N.W.2d 901 (citation omitted).  We have explained that the district court is "the best

1

credibility evaluator in cases of conflicting testimony and we will not second-guess the court's credibility determinations." *In re Wolff*, 2011 ND 76, ¶ 5, 796 N.W.2d 644.

[¶4] At a discharge hearing, the State bears the burden of proof to show by clear and convincing evidence the committed individual remains a sexually dangerous individual. N.D.C.C. § 25-03.3-18(4).

> Under N.D.C.C. § 25-03.3-01(8), the State must prove three elements:
>
> (1) the individual has engaged in sexually predatory conduct; (2) the individual has a congenital or acquired condition that is manifested by a sexual disorder, a personality disorder, or other mental disorder or dysfunction; and (3) the disorder makes the individual likely to engage in further acts of sexually predatory conduct.

*Voisine*, 2018 ND 181, ¶ 6, 915 N.W.2d 647 (citing *Tanner*, 2017 ND 153, ¶ 4, 897 N.W.2d 901). Additionally, to comport with the statute's language and constitutional substantive due process concerns this Court has stated:

> We therefore construe "sexually dangerous individual" as meaning "proof of a nexus between the requisite disorder and dangerousness encompasses proof that the disorder involves serious difficulty in controlling behavior and suffices to distinguish a dangerous sexual offender whose disorder subjects him to civil commitment from the dangerous but typical recidivist in the ordinary criminal case."

*Voisine*, at ¶ 6 (quoting *Wolff*, 2011 ND 76, ¶ 7, 796 N.W.2d 644). *See also Kansas v. Crane*, 534 U.S. 407, 411-413 (2002). The court may consider sexual and nonsexual conduct demonstrating an individual's serious difficulty controlling behavior, but the presence of a mental disorder or condition alone does not satisfy the requirement of clear and convincing evidence that the individual is likely to engage in further sexually predatory conduct. *Matter of R.A.S.*, 2019 ND 169, ¶ 7, 930 N.W.2d at 162. Specifically, we defer to a district court's determination an individual has

serious difficulty controlling behavior when "it is supported by specific findings demonstrating the difficulty." *In re Johnson*, 2016 ND 29, ¶ 5, 876 N.W.2d 25.

III

[¶5] Didier stipulated to elements one and two in the district court. Even though these elements were stipulated, the court found clear and convincing evidence Didier had previously engaged in sexually predatory conduct. He had been convicted of sexual assault in 1988, gross sexual imposition in 1998, indecent exposure in 2008, and sexual assault in 2008. As to the second element, the court found clear and convincing evidence Didier had a diagnosis of a congenital or acquired condition that is manifested by a sexual disorder. Dr. D'Orazio diagnosed Didier with several disorders, including pedophilic disorder, antisocial personality disorder, polymorphous sexual compulsivity, intellectual disability, and severe alcohol use disorder, which she included in her report and testified to at the hearing.

[¶6] Didier does not contend that the State failed to meet its burden on the third statutory element that he is likely to engage in further acts of predatory conduct. Relying on Dr. D'Orazio's report and testimony, the district court found by clear and convincing evidence that the State had met its burden.

[¶7] On appeal, Didier argues there are not sufficient facts to conclude he remains a sexually dangerous individual. Primarily, Didier argues there were insufficient facts to conclude he continues to have an inability to control his behaviors, as "the entirety of the evidence resides in past conduct or conduct that neither the state itself nor the state's expert witness offered as a factual basis." A court's determination an individual has serious difficulty controlling behavior is deferred to when "it is supported by specific findings demonstrating the difficulty." *Johnson*, 2016 ND 29, ¶ 5, 876 N.W.2d 25. The State argues specific findings demonstrating difficulty does not require specific *instances* of affirmative acts of misconduct and adopting

3

Didier's argument would require affirmative acts of misconduct each review period.

[¶8] Evidence in the record supports the district court's finding clear and convincing evidence exists that the respondent will have serious difficulty controlling his behavior. "To determine whether an individual has serious difficulty in controlling behavior, all relevant conduct may be considered." *In re J.T.N.*, 2011 ND 231, ¶ 13, 807 N.W.2d 570. "[C]onduct in proximity to the hearing is relevant, the past still has some relevance." *Voisine*, 2018 ND 181, ¶ 18, 915 N.W.2d 647. The court's findings relied on Dr. D'Orazio's report which mentioned several of Didier's past offenses that occurred prior to the review period. In 2008, Didier was convicted for indecent exposure and sexual assault. In 2010, he was interviewed for allegedly committing sexual assault on a cognitively impaired woman. The same year, he approached young children in Walmart, and pestered female greeters and he twice attended a circus against explicit prohibition from his probation officer. The court additionally relied on Dr. D'Orazio's opinion which specifically noted Didier "will have serious difficulty controlling his sexual behavior if he is discharged from the hospital at this time."

[¶9] The district court found Didier's inability to control his behavior persists. The court noted while Didier did not have any formal write-ups in the current review period, his inappropriate behavior evidences his inability to control his behavior, including his inability to take responsibility for his actions, creating excuses, lack of motivation for completion, and lack of ability to effectively participate in treatment. The court cited numerous examples showing Didier's inability to control his behavior. Didier gets angry and leaves the day room, pouts and slams doors when things do not go his way. Didier failed to complete homework assignments, gave superficial answers to questions, copied answers from others, and strayed off topic. Didier remained uncommitted to his relapse plan, writing down answers regardless of whether they fit. He is stagnant in progress toward treatment goals. His therapist believed this was due to his lack of motivation. On one occasion, in the current review cycle, Didier traded notebooks with a peer, receiving a verbal warning that such conduct was

against the rules. When confronted about inappropriate behavior or possible rule violations, he refused to accept responsibility. Like *Voisine*, review of the record reflects "more than just lack of progress, it showed a lack of participation." 2018 ND 181, ¶ 21, 915 N.W.2d 647. Taken together, both Didier's past and present conduct, the court's finding Didier has serious difficulty controlling his behavior is not clearly erroneous and is supported by clear and convincing evidence.

## IV

[¶10] Didier contends his hearing did not comport with procedural due process, as it failed to give him reasonable notice of claims of the opposing party and an opportunity to rebut the claims. "Procedural due process requires fundamental fairness, which, at a minimum, necessitates notice and a meaningful opportunity for a hearing appropriate to the nature of the case." *In re G.R.H.*, 2006 ND 56, ¶ 24, 711 N.W.2d 587 (citation omitted).

[¶11] Didier did not raise this issue in the district court. "When a party fails to raise an issue before the district court, even a constitutional issue, we generally will not address the issue on appeal." *In re R.A.S.*, 2008 ND 185, ¶ 12, 756 N.W.2d 771 (citation omitted). Didier's argument was not sufficiently developed in the court or supported on appeal for this Court to determine its merits. Therefore, we decline to address Didier's procedural due process argument.

## V

[¶12] The district court's order is affirmed.

[¶13] Lisa Fair McEvers
Daniel J. Crothers
Jerod E. Tufte
Jon J. Jensen
Gerald W. VandeWalle, C.J.

5