FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
SEPTEMBER 16, 2021
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

2021 ND 164

In the Matter of Cruz Timothy Muscha

Tonya Duffy, Barnes County
State's Attorney,                                      Petitioner and Appellee

v.

Cruz Timothy Muscha,                          Respondent and Appellant

No. 20210071

Appeal from the District Court of Barnes County, Southeast Judicial District, the Honorable James D. Hovey, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Tonya Duffy, State's Attorney, Valley City, ND, petitioner and appellee; submitted on brief.

Tyler J. Morrow, Grand Forks, ND, for respondent and appellant.

## Matter of Muscha
## No. 20210071

**McEvers, Justice.**

[¶1]   Cruz Muscha appeals from a district court order denying his petition for discharge from civil commitment as a sexually dangerous individual. On appeal, Muscha argues the district court's factual basis was insufficient to legally conclude he met the substantive due process requirement of serious difficulty controlling his behavior. We affirm.

I

[¶2]   Muscha has previously been convicted of three counts of gross sexual imposition and one count of sexual assault. In December 2012, the State petitioned the district court to commit Muscha as a sexually dangerous individual. In May 2013, the court ordered Muscha's commitment under N.D.C.C. ch. 25-03.3. Muscha appealed, and this Court affirmed. *See In re Muscha*, 2013 ND 233, 841 N.W.2d 1. In April 2020, Muscha petitioned the court for review and discharge from civil commitment.

[¶3]   On January 11, 2021, the district court held a discharge hearing on Muscha's petition and heard testimony from the State's expert, Dr. Deirdre D'Orazio. Dr. D'Orazio's report was also received into evidence. After the hearing, the court issued an order denying Muscha's petition for discharge, finding clear and convincing evidence that Muscha continues to be a sexually dangerous individual who is likely to engage in further acts of sexually predatory conduct and who has serious difficulty controlling his behavior.

II

[¶4]   "We review civil commitments of sexually dangerous individuals under a modified clearly erroneous standard of review." *Matter of Hehn*, 2020 ND 226, ¶ 4, 949 N.W.2d 848. This Court will affirm the district court's order denying a petition for discharge unless it is induced by an erroneous view of the law, or we are firmly convinced the decision is not supported by clear and convincing evidence. *Interest of Voisine*, 2018 ND 181, ¶ 5, 915 N.W.2d 647. We

1

give "great deference to the court's credibility determinations of expert witnesses and the weight to be given their testimony." *Matter of J.M.*, 2019 ND 125, ¶ 6, 927 N.W.2d 422 (citing *Interest of Tanner*, 2017 ND 153, ¶ 4, 897 N.W.2d 901).

[¶5]   The burden is on the State to prove by clear and convincing evidence the petitioner remains a sexually dangerous individual. *Matter of R.A.S.*, 2019 ND 169, ¶ 5, 930 N.W.2d 162. The State must prove three statutory elements to show the petitioner remains a sexually dangerous individual under N.D.C.C. § 25-03.3-01(8):

> [1] [the individual] engaged in sexually predatory conduct and [2] . . . has a congenital or acquired condition that is manifested by a sexual disorder, a personality disorder, or other mental disorder or dysfunction [3] that makes that individual likely to engage in further acts of sexually predatory conduct which constitute a danger to the physical or mental health or safety of others.

*Interest of T.A.G.*, 2019 ND 167, ¶ 4, 930 N.W.2d 166. Additionally, to comport with the statute's language and constitutional substantive due process concerns this Court has stated:

> We therefore construe "sexually dangerous individual" as meaning "proof of a nexus between the requisite disorder and dangerousness encompasses proof that the disorder involves serious difficulty in controlling behavior and suffices to distinguish a dangerous sexual offender whose disorder subjects him to civil commitment from the dangerous but typical recidivist in the ordinary criminal case."

*Matter of Didier*, 2019 ND 263, ¶ 4, 934 N.W.2d 417 (quoting *Voisine*, 2018 ND 181, ¶ 6); *see also Kansas v. Crane*, 534 U.S. 407, 411-13 (2002). There must be a causal connection between the disorder and inability to control behavior, which would likely result in future sexually predatory conduct. *R.A.S.*, 2019 ND 169, ¶ 7. "The court may consider sexual and nonsexual conduct demonstrating an individual's serious difficulty controlling behavior, but the presence of a mental disorder or condition alone does not satisfy the requirement of clear and convincing evidence that the individual is likely to

engage in further sexually predatory conduct." *Didier*, 2019 ND 263, ¶ 4. This Court defers to a district court's determination an individual has serious difficulty controlling behavior when "it is supported by specific findings demonstrating the difficulty." *Id.* (quoting *In re Johnson*, 2016 ND 29, ¶ 5, 876 N.W.2d 25); *see also R.A.S.*, at ¶ 9 (collecting cases).

## III

[¶6] Muscha conceded elements one and two had been met in the district court. Under the first prong of N.D.C.C. § 25-03.3-01(8), the court found Muscha had been previously convicted of sexual assault and gross sexual imposition, and res judicata conclusively established Muscha had engaged in sexually predatory conduct. As to the second element, the court concluded Muscha had a diagnosis of a congenital or acquired condition that is manifested by a sexual disorder.

[¶7] Muscha does not argue the State failed to meet its burden on the third statutory element that he is likely to engage in further acts of sexually predatory conduct. The district court found by clear and convincing evidence that the State had met its burden.

[¶8] On appeal, Muscha argues the evidence was insufficient to support a finding he has serious difficulty controlling his behavior. In determining Muscha has serious difficulty controlling his behavior, the district court considered specific instances demonstrating Muscha's difficulty. The court referred to Dr. D'Orazio's testimony and report, including her opinion Muscha "has serious difficulty controlling his behavior in the institutional environment" that "would be expected to worsen if discharged to a less restrictive alternative than the State Hospital at this time." The court further cited evidence of Muscha acting out while committed, including a 2018 conviction for the sexual assault of a staff person and a 2020 incident where Muscha "pulled [a peer's sweatshirt hood] tight to the point where the other peer reported it felt like he was being choked." Regarding the choking incident, the court found the evidence demonstrated "the incident involved more than mere horseplay." The court found "Muscha engaged in rule violating behavior by choking a peer, involving . . . horseplay, overuse of physical force, and

3

resisting boundaries set by rules and by the peer's statements." The court found that although Muscha "has not sexually acted out over the [one year] review period," the record contained numerous examples of Muscha "exhibiting other negative behaviors during the review period, which demonstrate serious difficulty controlling his behavior." The evidence indicated Muscha had been "receiving phone calls from a former female staff member with whom he has groomed into a relationship," was caught "spreading [a] rumor that staff member got kicked off secure 3 for touching a client," and repeatedly got "upset and argumentative when things don't go his way." The court further relied on Dr. D'Orazio's report, including statements Muscha showed "low practical coping strategies to prevent high risk behavior." The court found Muscha "shows questionable motivation for change" and "continues to receive write ups for negative and inappropriate behavior while living in secure settings."

[¶9]  Muscha relies on several cases previously decided by this Court in arguing he does not have serious difficulty controlling his behavior. In *T.A.G.*, we held "status in treatment and one statement regarding 'cream pie' do not establish a serious difficulty controlling behavior sufficient to satisfy the *Crane* due process requirement." 2019 ND 167, ¶ 11. Similarly, in *R.A.S.*, this Court found "isolated instances of refusing two doses of prescribed medication do not establish a serious difficulty controlling behavior." 2019 ND 169, ¶ 11. Finally, Muscha argues his situation is similar to *J.M.*, where we held "limited rule infractions" failed to establish the necessary connection between J.M.'s disorder and his likelihood of sexually reoffending. 2019 ND 125, ¶ 16.

[¶10] Muscha contends his recent behavior is analogous to these cases. We disagree. "To determine whether an individual has serious difficulty in controlling behavior, all relevant conduct may be considered." *Didier*, 2019 ND 263, ¶ 8. "[W]hile conduct in proximity to the hearing is relevant, the past still has some relevance." *Voisine*, 2018 ND 181, ¶ 18. The court relied on Dr. D'Orazio's opinion that Muscha "has serious difficulty controlling his behavior in the institutional environment." The court found Muscha had engaged in "horseplay, overuse of physical force, and resisting boundaries" set by his peers as recently as 2020. Muscha had also exhibited other negative behaviors during the present review period, including taking inappropriate phone calls,

4

spreading rumors, and getting upset and argumentative. Although Muscha has not sexually acted out during the present review period, the conduct evidencing a serious difficulty controlling behavior need not be sexual in nature. *Tanner*, 2017 ND 153, ¶ 5. The court noted an excerpt from Dr. D'Orazio's report:

> Since being committed as an SDI at NDSH, Mr. Muscha has engaged in sexual infractions involving exposing his penis, sexual horseplay, unwanted sexual touching, sexual activity with [a] staff person in 2013, sexual boundary violation against a staff person in 2014, and the conviction involving sexual assault of a staff person in 2018 . . . . [H]e also reports having received a negative write up since the 2018 conviction, this occurring in 2019 reportedly involving holding a female staff person's car keys . . . . He also disclosed having engaged in several sexual rules violations a few years ago involving consensual anal intercourse with his then roommate[.]

We note the references to Muscha's behavior from 2013 and 2014 have less relevance as to whether he continues to have serious difficulty controlling his behavior. However, the conduct from more recent years, including an additional sexual conviction and sexual rule violations from 2018 and 2019, have more relevance when considered along with Muscha's conduct during the current review period.

[¶11] Finally, the district court found Muscha lacks insight into his conditions and risk factors, refuses to participate in treatment, and does not demonstrate motivation for change. Review of the record reflects "more than just lack of progress, it showed a lack of participation." *Didier*, 2019 ND 263, ¶ 9. We conclude the court's finding by clear and convincing evidence that Muscha has serious difficulty controlling his behavior based on his past and present conduct is not clearly erroneous and is supported by the record.

5

IV

[¶12] The district court's order is affirmed.

[¶13] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte