# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 141

In the Interest of Edward Skorick

Tessa M. Vaagen, Assistant
State's Attorney,                                          Petitioner and Appellee

    v.

Edward Skorick,                                          Respondent and Appellant

## No. 20210349

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Pamela Ann Nesvig, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Tessa M. Vaagen, Assistant State's Attorney, Bismarck, ND, for petitioner and appellee; submitted on brief.

Tyler J. Morrow, Grand Forks, ND, for respondent and appellant.

**McEvers, Justice.**

[¶1]   Edward Skorick appeals from a district court order denying his petition for discharge from civil commitment as a sexually dangerous individual.  On appeal, Skorick argues the district court's factual findings are insufficient to legally conclude he has serious difficulty controlling his behavior.  We affirm.

I

[¶2]   Skorick has an extensive criminal history, with sexual offense convictions dating to 1980.  In October 2019, he was civilly committed as a sexually dangerous individual.  In 2020, this Court reversed and remanded an order denying Skorick's petition for discharge from civil commitment.  *Interest of Skorick*, 2020 ND 162, 946 N.W.2d 513.  The district court made additional findings and concluded Skorick remained a sexually dangerous individual.  Skorick did not appeal the court's decision.   In January 2021, Skorick petitioned the court for review and discharge from civil commitment under N.D.C.C. § 25-03.3-18.

[¶3]   On October 25, 2021, the district court held a discharge hearing on Skorick's petition.  The court heard testimony from the State's expert, Dr. Richard Travis. The court received and reviewed Dr. Travis's evaluations. After the hearing, the court issued an order denying Skorick's petition for discharge, finding by clear and convincing evidence that Skorick continues to be a sexually dangerous individual who is likely to engage in further acts of sexually predatory conduct and who has serious difficulty controlling his behavior.  Skorick appeals.

II

[¶4]   "We review civil commitments of sexually dangerous individuals under a modified clearly erroneous standard of review." *Matter of Hehn*, 2020 ND 226, ¶ 4, 949 N.W.2d 848.  We will affirm the district court's order denying a petition for discharge unless it is induced by an erroneous view of the law, or

we are firmly convinced the decision is not supported by clear and convincing evidence. *Matter of Muscha*, 2021 ND 164, ¶ 4, 964 N.W.2d 507 (citing *Interest of Voisine*, 2018 ND 181, ¶ 5, 915 N.W.2d 647). This Court gives "great deference to the court's credibility determinations of expert witnesses and the weight to be given their testimony." *Id.* (quoting *Matter of J.M.*, 2019 ND 125, ¶ 6, 927 N.W.2d 422).

[¶5] The burden is on the State to prove by clear and convincing evidence the petitioner remains a sexually dangerous individual. *Matter of R.A.S.*, 2019 ND 169, ¶ 5, 930 N.W.2d 162. The State must prove three statutory elements to show the petitioner remains a sexually dangerous individual under N.D.C.C. § 25-03.3-01(8):

> [1] the individual engaged in sexually predatory conduct and [2] ... has a congenital or acquired condition that is manifested by a sexual disorder, a personality disorder, or other mental disorder or dysfunction [3] that makes that individual likely to engage in further acts of sexually predatory conduct which constitute a danger to the physical or mental health or safety of others.

*Interest of T.A.G.*, 2019 ND 167, ¶ 4, 930 N.W.2d 166. Additionally, to comport with the statute's language and constitutional substantive due process concerns, this Court has stated:

> We therefore construe "sexually dangerous individual" as meaning "proof of a nexus between the requisite disorder and dangerousness encompasses proof that the disorder involves serious difficulty in controlling behavior and suffices to distinguish a dangerous sexual offender whose disorder subjects him to civil commitment from the dangerous but typical recidivist in the ordinary criminal case."

*Muscha*, 2021 ND 164, ¶ 5 (quoting *Matter of Didier*, 2019 ND 263, ¶ 4, 934 N.W.2d 417); *see also Kansas v. Crane*, 534 U.S. 407, 411-13 (2002). The State must demonstrate a causal connection between the disorder and inability to control behavior, which would likely result in future sexually predatory conduct. *Muscha*, at ¶ 5. The district court may consider "sexual and nonsexual conduct demonstrating an individual's serious difficulty controlling

behavior, but the presence of a mental disorder or condition alone does not satisfy the requirement of clear and convincing evidence that the individual is likely to engage in further sexually predatory conduct." *Didier*, at ¶ 4. We defer to the court's determination an individual has serious difficulty controlling behavior when "it is supported by specific findings demonstrating the difficulty." *Id.*; *see also R.A.S.*, at ¶ 9 (collecting cases).

[¶6]   "To determine whether an individual has serious difficulty in controlling behavior, all relevant conduct may be considered." *Muscha*, 2021 ND 164, ¶ 10.  The court may consider both conduct in proximity to the hearing and past conduct.  *Id.*  Conduct evidencing serious difficulty controlling behavior need not be sexual in nature.  *Id.*

## III

[¶7]   At the hearing, Skorick stipulated to the first element, admitting he has engaged in sexually predatory conduct.  Skorick does not challenge the district court's findings related to the second and third elements:  whether he has a congenital or acquired condition or whether he is likely to engage in further acts of sexually predatory conduct.  On appeal, Skorick only argues the court's finding that he has serious difficulty controlling his behavior is not supported by clear and convincing evidence.   Skorick contends, because he has not received negative behavioral acknowledgements over the review period, the State failed to meet its burden.

[¶8]   In support, Skorick relies on several cases in which this Court held serious difficulty controlling behavior had not been established.  In *T.A.G.*, we held "status in treatment and one statement regarding 'cream pie' do not establish a serious difficulty controlling behavior sufficient to satisfy the *Crane* due process requirement."  2019 ND 167, ¶ 11.  Similarly, in *R.A.S.*, this Court concluded "isolated instances of refusing two doses of prescribed medication do not establish a serious difficulty controlling behavior."  2019 ND 169, ¶ 11. Finally, Skorick argues his situation is similar to *J.M.*  2019 ND 125.  In *J.M.*, we held "limited rule infractions" failed to establish the necessary connection between J.M.'s disorder and his likelihood of sexually reoffending.  *Id.* at ¶ 16. We are not convinced.   Unlike those cases, here, the district court made

3

adequate findings to demonstrate Skorick has serious difficulty controlling his behavior.

[¶9] Dr. Travis testified, based on his evaluation, Skorick has difficulty controlling his behavior and a nexus between his disorders and his likelihood to reoffend exists. Dr. Travis testified Skorick "becomes kind of focused on fulfilling sexual desires or expressing sexual urges" regardless of any consequences. Dr. Travis testified Skorick has a history of acting inappropriately toward hospital staff and feels no remorse for hurting his victims. Dr. Travis also testified Skorick's anti-social personality disorder is disinhibiting and without treatment leads Skorick to disregard boundaries and "take[] what he wants" when he has a sexual urge or inclination. Dr. Travis concluded, with regard to Skorick's pedophilic disorder, "he is not one of those people who can have this disorder and not act out on it."

[¶10] The district court considered the testimony and evidence presented, including Skorick's past and present conduct, in making its finding he has serious difficulty controlling his behavior. The court noted Skorick's history of negative behavior at the North Dakota State Hospital, including being oppositional to staff, cursing at staff, and calling staff stupid, to the point of having outside time cut short. The court found Skorick has threatened to commit an offense to get out of the State Hospital so he can return to the state penitentiary. The court also found Skorick had engaged in staff shopping, does not follow procedure, and often needs redirection multiple times. The court stated these behaviors had occurred through October 2020, roughly one year before the hearing, but also indicated Skorick had engaged in inappropriate behavior in early 2021. The court found Skorick refused blood pressure medication in October 2020, and the record reflects Skorick has a history of refusing his medication, including a period in May 2021. The court found, although he has not recently received negative behavioral write ups, Skorick has not implemented meaningful changes to interrupt his pattern of sexual offenses, Skorick continues to be impulsive and disregard the feelings of others, and Skorick's behavioral issues remain unchanged and pervasive.

[¶11] The district court further found Skorick has not begun his treatment programming at the State Hospital and refuses to participate in treatment. The court found Skorick's refusal to participate indicates a lack of motivation for change. The court noted Skorick has a "high treatment need based upon his risk" and heard testimony that someone with Skorick's risk level should receive "300 hours or more of sex offense specific treatment." The evidence shows not only a lack of progress but also a lack of participation. *See Didier*, 2019 ND 263, ¶ 9. The court concluded his "lack of progress in treatment and his continued behavior issues are evidence Skorick has serious difficulty controlling his behavior, even in a controlled environment at the State Hospital." The court made adequate findings and analysis regarding the *Crane* due process requirement. We conclude the court's finding that Skorick has serious difficulty controlling his behavior is supported by clear and convincing evidence and is not clearly erroneous.

IV

[¶12] We affirm the district court's order denying Skorick's petition for discharge.

[¶13] Jon J. Jensen, C.J.
    Gerald W. VandeWalle
    Daniel J. Crothers
    Lisa Fair McEvers
    Jerod E. Tufte