# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 99

In the Interest of G.L.D.

Allen Koppy, State's Attorney,                    Petitioner and Appellee

    v.

G.L.D.,                                           Respondent and Appellant

## No. 20220295

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Bobbi B. Weiler, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Tyler J. Morrow, Grand Forks, ND, for respondent and appellant.

Allen M. Koppy, State's Attorney, Mandan, ND, for petitioner and appellant.

**Crothers, Justice.**

[¶1]  G.L.D. appeals from a district court order denying his petition for discharge from commitment as a sexually dangerous individual. He argues the district court erred in finding he has serious difficulty controlling his behavior. We affirm.

I

[¶2]  In 1996, G.L.D. was incarcerated after a conviction for gross sexual imposition. *In re G.L.D.*, 2011 ND 52, 795 N.W.2d 346. As his release date approached, the State petitioned to have G.L.D. committed to the North Dakota State Hospital. *Id.* In 2007, G.L.D. was committed as a sexually dangerous individual (SDI). *Id.* Since then, G.L.D. has requested discharge hearings and appealed the denial of those requests. *Interest of G.L.D.*, 2020 ND 45, 939 N.W.2d 405 (affirmed on additional findings); *Interest of G.L.D.*, 2019 ND 304, 936 N.W.2d 539 (remanded  on insufficient findings of fact); *In re G.L.D.,* 2016 ND 26, 876 N.W.2d 485 (affirmed); *In re G.L.D.,* 2016 ND 25, 876 N.W.2d 485 (affirmed); *In re G.L.D.,* 2014 ND 194, 855 N.W.2d 99 (vacated the order denying petition for discharge and remanded); *In re G.L.D.,* 2012 ND 233, 823 N.W.2d 786 (affirmed);  *In re G.L.D.*, 2011 ND 52 (affirmed).

[¶3]  In June 2021, G.L.D. requested a discharge hearing. The hearing was held on September 26, 2022. On October 3, 2022, the district court denied G.L.D.'s request for discharge. G.L.D. timely appealed.

II

[¶4]  "At a discharge hearing, the State has the burden of proving by clear and convincing evidence the committed individual remains a sexually dangerous individual." *In re Wolff,* 2011 ND 76, ¶ 6, 796 N.W.2d 644. "A sexually dangerous individual is one who (1) has engaged in sexually predatory conduct; (2) has a sexual, personality, or other mental disorder; and (3) is likely to

engage in further acts of sexually predatory conduct as a result of his disorder." *Id.*; N.D.C.C. § 25-03.3-01(8).

[¶5] In addition to the statutory requirements, to satisfy due process, the State must prove by clear and convincing evidence the committed individual has serious difficulty controlling his behavior. *Interest of Carter*, 2019 ND 67, ¶¶ 3-4, 924 N.W.2d 112. A nexus must exist between an individual's inability to control their behavior and the individual's diagnosed disorder. *Matter of J.M.,* 2019 ND 125, ¶¶ 8-9, 927 N.W.2d 422. "The evidence must clearly show the . . . disorder is likely to manifest itself in a serious difficulty in controlling sexually predatory behavior." *Interest of J.M.,* 2006 ND 96, ¶ 10, 713 N.W.2d 518.

[¶6] "We review civil commitments of sexually dangerous individuals under a modified clearly erroneous standard of review." *Matter of Hehn*, 2020 ND 226, ¶ 4, 949 N.W.2d 848. "This Court affirms a district court's order unless it is induced by an erroneous view of the law, or this Court is firmly convinced the order is not supported by clear and convincing evidence." *Id.*

### III

[¶7] G.L.D. argues the district court erred in finding he has serious difficulty controlling his behavior.

[¶8] "We defer to a district court's determination that an individual has serious difficulty controlling behavior when it is supported by specific findings demonstrating difficulty." *In the Interest of Johnson,* 2016 ND 29, ¶ 5, 876 N.W.2d 25. Evidence of sexual behavior is not necessary to meet the "serious difficulty in controlling his behavior" prong. *In re Wolff,* 2011 ND 76, ¶ 7. Evidence showing no meaningful progress in treatment and failure to follow rules is sufficient evidence to prove serious difficulty in controlling behavior. *In Interest of Voisine*, 2018 ND 181, ¶¶ 17-18, 915 N.W.2d 647. Additionally, this Court concluded serious difficulty controlling behavior existed when the individual yelled profanities, had an explosive temper, refused to attend treatment and acted sexually with a peer. *Wolff,* at ¶ 9.

2

[¶9] Here, the district court relied on Dr. Peter Byrne's testimony and his 2021-2022 re-evaluation report of G.L.D. The re-evaluation report stated G.L.D. has been diagnosed with antisocial personality disorder. Dr. Byrne testified G.L.D. refuses to participate in treatment and therefore has not made progress in treatment. He fails to follow rules and blames others for his inappropriate conduct. G.L.D. has repeatedly been verbally aggressive and threatening to staff and other patients. Dr. Byrne testified G.L.D has not engaged in physical violence or direct sexual acts. In the report, Dr. Byrne stated G.L.D.'s consistent verbal aggression and threatening behaviors show a connection between his antisocial personality disorder and his inability to control his behavior. Based on this evidence, the district court found a nexus between G.L.D.'s antisocial personality disorder and an inability to control his behavior. The court denied G.L.D.'s petition and continued his commitment as a sexually dangerous individual.

[¶10] Under our standard of review, clear and convincing evidence supports the district court's finding the State showed a nexus between G.L.D.'s antisocial personality disorder and his inability to control his behavior. The district court's finding that G.L.D. has serious difficulty controlling his behavior is not clearly erroneous.

IV

[¶11] We affirm the district court's order denying G.L.D.'s petition for discharge and continuing his commitment as a sexually dangerous individual.

[¶12] Jon J. Jensen, C.J.
     Daniel J. Crothers
     Lisa Fair McEvers
     Jerod E. Tufte
     William A. Neumann, S.J.

[¶13] The Honorable William A. Neumann, S.J., sitting in place of Bahr, J., disqualified.