# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2025 ND 164

In the Interest of Robert R. Hoff

Julie Lawyer, State's Attorney,                                       Petitioner and Appellee

     v.

Robert R. Hoff,                                                            Respondent and Appellant

### No. 20250016

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bobbi B. Weiler, Judge.

REVERSED AND REMANDED.

Opinion of the Court by McEvers, Justice.

Isaac O. Lees, Assistant State's Attorney, Bismarck, ND, for petitioner and appellee.

Tyler J. Morrow, Grand Forks, ND, for respondent and appellant.

**McEvers, Justice.**

[¶1]   Robert Hoff appeals from a district court order denying his application for discharge from civil commitment as a sexually dangerous individual. Hoff argues the court erred in finding clear and convincing evidence he has serious difficulty controlling his behavior. We conclude the court did not make sufficient findings of fact on whether Hoff has serious difficulty controlling his behavior, and we reverse and remand for further findings based on the record of this proceeding, unless matters in the pending application for review render this decision moot.

I

[¶2]   In January 2006, Hoff was civilly committed to the North Dakota State Hospital ("NDSH") as a sexually dangerous individual. Hoff has applied for discharge from civil commitment on multiple occasions. Hoff appealed district court orders finding he remained a sexually dangerous individual and denying discharge in 2015, 2018, and 2019; those appeals were ultimately affirmed. *See In re Hoff*, No. 20140424, 2015 WL 2097666 (N.D. Apr. 15, 2015); *In re Hoff*, 2018 ND 127, 911 N.W.2d 918; *In re Hoff*, 2019 ND 232, 932 N.W.2d 910; *but see In re Hoff*, 2013 ND 68, ¶ 22, 830 N.W.2d 608 (reversing and remanding on procedural grounds); *In re Hoff*, 2014 ND 63, ¶¶ 10-11, 844 N.W.2d 866 (reversing and remanding for further findings because the court made no finding on whether Hoff had serious difficulty controlling his behavior).

[¶3]   On July 8, 2024, Hoff again applied for discharge. Dr. Deirdre D'Orazio, Ph.D., a clinical and forensic psychologist, completed Hoff's annual evaluation. Hoff requested, and was granted, the appointment of an independent expert. Dr. D'Orazio testified as the State's expert witness at a November 19, 2024 review hearing. Hoff's girlfriend—a former NDSH employee—testified at a second review hearing on December 27, 2024. Hoff's independent examiner did not testify at the hearing. The district court issued an order for continued commitment on January 16, 2025, finding Hoff's antisocial personality disorder

1

and pattern of sexually predatory conduct make him likely to reoffend. The court found Hoff would have serious difficulty in controlling his sexual behavior if discharged, and determined Hoff remains a sexually dangerous individual. Hoff appealed the same day.

[¶4]   While his appeal was pending, Hoff filed another application for discharge hearing on September 4, 2025. This decision is limited to the appeal of the district court's January 2025 order.

II

[¶5]   This Court reviews civil commitments of sexually dangerous individuals under a modified clearly erroneous standard. *In re Wolff*, 2011 ND 76, ¶ 5, 796 N.W.2d 644. An order denying discharge is affirmed unless it is induced by an erroneous view of the law or this Court is firmly convinced it is not supported by clear and convincing evidence. *Id*.

[¶6]   At a discharge review hearing, the State must prove by clear and convincing evidence the committed individual remains a sexually dangerous individual. *Wolff*, 2011 ND 76, ¶ 6. A "[s]exually dangerous individual" is one "who [(1)] is shown to have engaged in sexually predatory conduct and [(2)] who has a congenital or acquired condition that is manifested by a sexual disorder, a personality disorder, or other mental disorder or dysfunction [(3)] that makes that individual likely to engage in further acts of sexually predatory conduct which constitute a danger to . . . others." N.D.C.C. § 25-03.3-01(7).

[¶7]   In addition, substantive due process requires the State to prove the committed individual has serious difficulty controlling his behavior. *Wolff*, 2011 ND 76, ¶ 7; *see generally Kansas v. Crane*, 534 U.S. 407 (2002). There must be a nexus between the individual's disorder and inability to control behavior to distinguish a dangerous sexual offender from "the dangerous but typical recidivist in the ordinary criminal case." *In re G.L.D.*, 2023 ND 99, ¶ 5, 991 N.W.2d 62; *In re Muscha*, 2021 ND 164, ¶ 5, 964 N.W.2d 507. "The evidence must clearly show the . . . disorder is likely to manifest itself in a serious difficulty in controlling sexually predatory behavior." *G.L.D.*, ¶ 5. This Court "defer[s] to a district court's determination that an individual has serious difficulty controlling

behavior when it is supported by specific findings demonstrating difficulty." *Id.* ¶ 8.

## III

[¶8]   On appeal, Hoff does not challenge the district court's findings on the three statutory elements. However, Hoff argues the court erred in finding clear and convincing evidence existed proving he has serious difficulty controlling his behavior. He contends the State and the court relied on conclusions unsupported by clear and convincing evidence to find he has difficulty controlling his behavior, distinguishing him from the dangerous but typical offender.

[¶9]   A district court must provide sufficient findings on the elements to support its conclusions. *In re Hehn*, 2020 ND 226, ¶ 9, 949 N.W.2d 848. Regarding sufficiency of findings on civil commitments, this Court has stated:

> Conclusory, general findings do not comply with N.D.R.Civ.P. 52(a), and a finding of fact that merely states a party has failed in or has sustained its burden of proof is inadequate under the rule. The court must specifically state the facts upon which its ultimate conclusion is based on. The purpose of the rule is to provide the appellate court with an understanding of the factual issues and the basis of the district court's decision. Because this Court defers to a district court's choice between two permissible views of the evidence and the district court decides issues of credibility, detailed findings are particularly important when there is conflicting or disputed evidence. This Court cannot review a district court's decision when the court does not provide any indication of the evidentiary and theoretical basis for its decision because we are left to speculate what evidence was considered and whether the law was properly applied. The court errs as a matter of law when it does not make the required findings.

*Id.* (alteration in original). "Detailed findings, including credibility determinations and references to evidence the court relied on in making its decision, inform the committed individual and this Court of the evidentiary basis for the court's decision." *Id.*

[¶10] In *Hehn*, this Court remanded the district court's order which made conclusory findings on the serious difficulty controlling behavior element. 2020 ND 226, ¶¶ 12-13. The inadequate findings in *Hehn* stated the committed individual's behavior had improved and noted the court's reliance on expert testimony; however, the court did not elaborate with any specificity on the evidentiary basis supporting these findings. *See id.* ¶ 12.

[¶11] Here, the district court made the following findings on the serious difficulty controlling behavior element:

> **Mr. Hoff would have serious difficulty in controlling his sexual behavior if he was discharged from the State Hospital at this time.** Mr. Hoff has participated in treatment; however, he refuses to implement what he has learned. He has been elevated from Level 2 to Level 3 in 2024; however, he continues to fail to meaningfully apply this treatment as evidenced by this inappropriate behavior while on the phone and when visiting with a guest. Of particular concern is the lack of relapse prevention plan, his untruthfulness, and his lack of taking responsibility for his actions. Mr. Hoff cannot control his impulses, even if [sic] simple tasks. He would have difficulty controlling his sexual behavior. Instead of finding appropriate ways to deal with difficult situations, he runs or hides from the problems and refuses to change his behavior. His Antisocial Personality Disorder would make it difficult for him to control his behavior and conform to socially acceptable norms.

(Emphasis in original.) The court failed to adequately specify the facts it relied upon as the basis for its determination Hoff has serious difficulty controlling his behavior. While the court mentioned Hoff's diagnoses and some of his behaviors under the statutory elements not at issue here, the court did not explain the nexus between Hoff's diagnoses and his inability to control behavior so as to distinguish him as a dangerous sexual offender from the dangerous but typical recidivist in the ordinary criminal case, nor did it make specific findings demonstrating his inability to control his behavior. While Dr. D'Orazio's testimony and report provided evidence of Hoff's difficulty controlling his behavior, the evidence was contested. The court's general, conclusory findings

4

are inadequate for us to review the court's rationale that Hoff has serious difficulty controlling his sexually predatory behavior.

V

[¶12] We conclude the district court made inadequate findings of fact to permit appellate review under the *Crane* factor. We reverse the court's order and remand for further specific findings on whether Hoff has serious difficulty controlling his behavior unless the current pending application renders this decision moot.

[¶13] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Bradley A. Cruff, D.J.

[¶14] The Honorable Bradley A. Cruff, D.J., sitting in place of Bahr, J., disqualified.