# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 58

In the Matter of Lawrence Herbert Didier

Frederick Fremgen, Stutsman County

State's Attorney,                                     Petitioner and Appellee

    v.

Lawrence Herbert Didier,                   Respondent and Appellant

### No. 20240264

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable James T. Shockman, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Mary E. DePuydt, Assistant State's Attorney, Jamestown, ND, for petitioner and appellee.

Tyler J. Morrow, Grand Forks, ND, for respondent and appellant.

**Jensen, Chief Justice.**

[¶1]   Lawrence Didier appeals from an order denying his petition for discharge from civil commitment as a sexually dangerous individual. Didier argues the district court abused its discretion in allowing the State's only witness to appear remotely using reliable electronic means and that the factual basis was insufficient to establish he has an inability to control his behavior. We conclude the court did not abuse its discretion in allowing the witness to appear using reliable electronic means and summarily affirm that the factual basis was sufficient to conclude Didier has an inability to control his behavior.

I

[¶2]   Didier's prior criminal convictions include sexual assault, gross sexual imposition, and indecent exposure. In November 2010, the district court ordered Didier's commitment as a sexually dangerous individual pursuant to N.D.C.C. ch. 25-03.3.

[¶3]   This appeal arises from the denial of a discharge from commitment. On August 27, 2024, the district court held a hearing to review Didier's commitment. The State called the clinical and forensic psychology physician who had completed an annual re-evaluation of Didier as its only witness. The physician appeared at the proceeding through the use of reliable electronic means. On September 19, 2024, the court issued an order denying Didier's application.

II

[¶4]   Didier argues the district court abused its discretion when it allowed the physician to appear through the use of reliable electronic means over his objection. He asserts that because there was just a single witness the entire trial was effectively conducted using reliable electronic means without his consent in violation of N.D. Sup. Ct. Admin. R. 52(3). North Dakota Supreme Court Administrative Rule 52 provides a framework for the use of reliable electronic

means for proceedings in North Dakota's district courts. Subsection 3 reads as follows:

> (a) In a civil action, a court may conduct a trial, hearing, conference, or other proceeding, or take testimony, by reliable electronic means.

> (b) A trial may not be conducted by reliable electronic means unless the parties consent and the court approves. The court retains discretion to allow any witness to appear by reliable electronic means.

N.D. Sup. Ct. Admin. R. 52(3).

[¶5] The parties disagree whether the proceeding in this case, a review of the civil commitment of a sexually dangerous individual, is a hearing or a trial. Didier argues the proceeding is a trial; N.D. Sup. Ct. Admin. R. 52(3)(b) requires both parties to consent to conduct a trial by reliable electronic means; and because he did not consent to the trial, the court abused its discretion. The State argues the proceeding is a hearing and not limited by subsection 3(b).

[¶6] A district court abuses its discretion by acting in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law. *State v. Castleman*, 2024 ND 93, ¶ 5, 6 N.W.3d 850. Didier's argument is limited to the assertion that the court abused its discretion by misapplying the plain language of Rule 52(3), N.D. Sup. Ct. Admin. R.

[¶7] We conclude that regardless of whether the proceeding is a hearing or a trial, the district court retained discretion to allow any witness to appear using reliable electronic means. The plain language of subsection 3(a), N.D. Sup. Ct. Admin. R. 52, allows the use of reliable electronic means in civil proceedings, including hearings and trials. Subsection 3(b) requires both parties to consent to a trial held through reliable electronic means, but also expressly retains for the court the discretion to allow any witness to appear using reliable electronic means. Here, Didier, his counsel, the attorney for the State, and the court were all present at the same location. The court, in its discretion, allowed the physician

2

to appear through the use of reliable electronic means. We conclude the court did not misapply Rule 52(3).

## III

[¶8]   Didier argues the factual basis presented at the hearing was insufficient to support a finding he has the inability to control his behavior. After reviewing the record, we conclude the district court's finding is supported by clear and convincing evidence and is not clearly erroneous. We summarily affirm under N.D.R.App.P. 35.1(a)(2).

## IV

[¶9]   The district court did not abuse its discretion in allowing the physician to appear using reliable electronic means. The record supports the court's finding that Didier has an inability to control his behavior. We affirm.

[¶10] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr