IN THE SUPREME COURT
STATE OF NORTH DAKOTA

2025 ND 123

In the Interest of Travis Lee Wedmore

Julie Lawyer, State's Attorney,            Petitioner and Appellee

      v.

Travis Wedmore,            Respondent and Appellant

No. 20240303

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable David E. Reich, Judge.

AFFIRMED IN PART, AND REMANDED.

Opinion of the Court by Crothers, Justice.

Isaac O. Lees, Assistant State's Attorney, Bismarck, ND, for petitioner and appellee; on brief.

Tyler J. Morrow, Grand Forks, ND, for respondent and appellant; on brief.

**Crothers, Justice.**

[¶1]   Wedmore appeals from a district court order denying his application for discharge from commitment as a sexually dangerous individual and from a court order granting the State's motion for its witness to appear through reliable electronic means. We affirm in part, and remand for further findings.

I

[¶2]   In 2007 Travis Wedmore was civilly committed as a sexually dangerous individual. In February 2024, Wedmore filed for a review hearing under N.D.C.C. § 25-03.3-18. At a July 2024 hearing the State's expert examiner appeared by reliable electronic means. Wedmore objected to the expert testifying electronically, stating he did not agree to the appearance and he was not properly notified of the motion seven days prior to the hearing. The district court offered a continuance, which Wedmore declined.

[¶3]   The district court heard testimony from the expert examiner who is contracted to conduct sexually dangerous individual reviews for the North Dakota State Hospital. The expert examiner testified Wedmore was diagnosed with paraphilic disorder (hebephilia), specified disruptive, impulse-control and conduct disorder regarding hypersexuality, antisocial personality disorder, and alcohol abuse disorder.

[¶4]   The district court stated, "For the reasons set forth above, based on the testimony and report of [the expert examiner], the court determines that Wedmore continues to be a sexually dangerous individual as defined in North Dakota Century Code section 25-03.3-01(7) and, therefore, his Application for Discharge is DENIED." Wedmore timely appealed.

II

[¶5]   Wedmore claims the district court abused its discretion by granting the State's motion for its witness to appear by electronic means over his objection. He argues the court misapplied N.D. Admin. Rule 52 in several ways.

[¶6]   In *Matter of Didier*, 2025 ND 58, ¶ 7, 18 N.W.3d 827, we held "regardless of whether the proceeding is a hearing or a trial, the district court retain[s] discretion to allow any witness to appear using reliable electronic means." Here, Wedmore makes substantially similar legal arguments to those we rejected in *Didier*. Therefore, the holding in *Didier* is controlling and we  summarily affirm the district court's order under N.D.R.App.P. 35.1(a)(7).

III

[¶7]   Wedmore argues the district court erred in failing to make specific findings as required by N.D.R.Civ.P. 52(a)(1) about whether he has serious difficulty controlling his behavior. He alleges the State failed to meet its burden of proving by clear and convincing evidence he is a sexually dangerous individual.

> This Court reviews civil commitments of sexually dangerous individuals under a modified clearly erroneous standard. We will affirm a district court's decision unless it is induced by an erroneous view of the law or we are firmly convinced the decision is not supported by clear and convincing evidence. The court must specifically state the facts upon which its ultimate conclusion is based.

*Interest of Sternberg*, 2023 ND 40, ¶ 7, 987 N.W.2d 340 (cleaned up).

> At a discharge hearing, the State bears the burden of proof to show by clear and convincing evidence the committed individual remains a sexually dangerous individual. Under N.D.C.C. § 25-03.3-01(8), to be committed as a "sexually dangerous individual," a person must meet the three statutory elements:
>
> > (1) The individual has engaged in sexually predatory conduct;
> > (2) the individual has a congenital or acquired condition that

is manifested by a sexual disorder, a personality disorder, or other mental disorder or dysfunction; and (3) the disorder makes the individual likely to engage in further acts of sexually predatory conduct.

*Matter of Hehn*, 2020 ND 226, ¶ 5, 949 N.W.2d 848 (cleaned up).

[¶8]  An additional finding is required considering "the civil commitment of a sexually dangerous individual cannot be sustained without determining that the individual has a serious difficulty controlling his or her behavior." *In Re Johnson*, 2015 ND 71, ¶ 7, 861 N.W.2d 484 (citing *Kansas v. Crane*, 534 U.S. 407, 413 (2002)).

[¶9]  We addressed the need for adequate findings in *In Re Johnson*, 2015 ND 71, ¶ 8:

> Under N.D.R.Civ.P. 52(a)(1), the district court must find the facts specially and state its conclusions of law separately. Conclusory, general findings do not comply with N.D.R.Civ.P. 52(a), and a finding of fact that merely states a party has failed in or has sustained its burden of proof is inadequate under the rule. The court must specifically state the facts upon which its ultimate conclusion is based on. The purpose of the rule is to provide the appellate court with an understanding of the factual issues and the basis of the district court's decision. Because this Court defers to a district court's choice between two permissible views of the evidence and the district court decides issues of credibility, detailed findings are particularly important when there is conflicting or disputed evidence. This Court cannot review a district court's decision when the court does not provide any indication of the evidentiary and theoretical basis for its decision because we are left to speculate what evidence was considered and whether the law was properly applied. The court errs as a matter of law when it does not make the required findings.

*Id.* (cleaned up).

[¶10] The district court failed to provide the evidentiary basis for its decision. Without adequate findings of fact identifying the evidence it relied on, we are unable to determine if the law was properly applied. Because of this, the court

erred as a matter of law. We remand for findings supporting the district court's conclusion Wedmore has a serious difficulty controlling his behavior.

IV

[¶11] We summarily affirm the district court's order granting a motion for the State's witness to appear through electronic means under N.D.R.App.P. 35.1(a)(7). We remand for findings on whether Wedmore has a serious difficulty controlling his behavior.

[¶12] Jon J. Jensen, C.J.
   Daniel J. Crothers
   Lisa Fair McEvers
   Jerod E. Tufte
   William A. Neumann, S.J.

[¶13] The Honorable William A. Neumann, S.J., sitting in place of Bahr, J., disqualified.